*Byrd* vs. *Fox.*

### BYRD *vs.* FOX.

1. An action may be maintained for breach of a promise to admit the plaintiff as a partner in a particular undertaking, where the plaintiff and defendant agreed to become partners in such undertaking, and to share the profits and losses.

2. Where, in a settlement between partners, there is but one item, and that adjusted by an express promise to pay the amount, assumpsit may be maintained thereupon, by one partner against the other: and so, even, where the item is unadjusted.

APPEAL from Platte Circuit Court.

JONES *and* HICKMAN, *for Appellant.*

1. Any promise or agreement made to pay Fox the one-half he got for the contract is void for want of consideration.—See 1 New York Digest, 39; 6 Johns. Rep., 194; 8 *Ibid.*, 444.

2. If any promise was made by Byrd to pay one-half he got for the contract, it was conditional (viz.) "To pay when he got some money," and until he (Fox) shows that he (Byrd) has had money subsequent to the promise, he is not entitled by law to recover.—See 1 New York Digest, 38; 14 Johns. Rep., 178; 1 Cow., 349; 7 Johns. Rep., 36.

3. There was no partnership existing between appellant and appellee.— See 3 Kent's Com., 23, 24; 1 Hammond's Ohio Rep.; Ohio Condensed Rep., 41.

4. If the appellant and appellee were partners, then the appellee was not entitled to recover in the court below, because the partnership matters between them had not, from the evidence, been finally adjusted.—See Collyear on Part., 143, note 1; 5 Mo. Rep., 112.

THOMAS *and* BALDWIN, *for Appellee.*

1. The Circuit Court did right in giving the plaintiff's instructions, and in refusing the first, third, and fourth asked by the defendant.

The only question which we conceive to arise in this case is, whether there was a sufficient consideration to support the promise of Byrd, the appellant.

The law is well settled, that the promise of one party is a good consideration for the promise of the other.— *Vide* Chitty on Contracts, 4th edit., p. 40, and notes; 9 B. and C., 840, 849, 850; 3 B. and A., 703 ; 8 Johns. Reports, 304, Briggs *vs.* Tillotson.

"The mere promise of a party to become a partner in a firm is a sufficient consideration for a promise to receive him as a partner." (Chitty on Cont., 40, 15.) A benefit to one party, or loss or injury to the other, is a good consideration on which to found a promise.

2. The partnership matters were adjusted, and a promise by the appellant to pay the appellee his share of the profits.

If there had not been a final adjustment, the jury had a right to find according to the equity of the case.—See Rev. Code, 348, sec. 1.

SCOTT, J., *delivered the opinion of the Court.*

Fox sued Byrd in a justice's court, where, after judgment, the cause was taken to the Circuit Court, when, upon a trial *de novo*, he recovered judgment for $37, from which Byrd appealed to this Court.

It was agreed between Byrd and Fox, that Byrd should go to Fort Leavenworth, and put in a bid in their joint names, to furnish the garrison with fifteen hundred cords of wood, and that they should be equal partners in the contract; that Byrd might bid as he thought most advisable, and Fox would be responsible jointly with him for his acts. Byrd made a bid for the contract, and his bid was the same with those of two others: it was then agreed among the several bidders, that Byrd and one of them should together have one-half of the contract, and the other bidder the remaining half. Byrd sold his interest in the contract for seventy-five dollars, and afterwards told Fox that he had made a good bargain, and would pay him his half of the profits as soon as he could get some money; that he considered, if any loss had happened, Fox would have borne his share of it.

The only questions arising upon this statement of facts are, whether there was a sufficient consideration for the promise of Byrd, and whether, being partners, if one could sue the other in an action *ex-contractu.*

As to the first point, it has been held, that damages may be recovered on an agreement by a partner to admit a stranger into the firm, and that the undertaking of the stranger to become a partner is a sufficient consideration for such an agreement. (23 Eng. Com. Law Reports; 9 Bing., McNeil *vs.* Reid.) So, it has been held, that an action may be supported by one person against another for breach of a promise to become a partner.—Figes *vs.* Cutler, 3 Starkie's Rep.

As to the second point, the law seems to be settled, that if there are partnership dealings, and one item only remains unadjusted, the difficulty as to one partner maintaining assumpsit disappears. (Robson *vs.* Curtis, 1 Stark. Rep., 78; Mussier *vs.* Trompbone, 5 Wend., 274.) In this case there was but one item, and that one item adjusted by an express promise to pay.

Judge NAPTON concurring, the judgment is affirmed.

Judge TOMPKINS *dissents.*