*A. Kinney* and *S. B. Gookins,* for the defendants.

---

### ELLISON *v.* CHAPMAN.

If, by an agreement between two persons, one agrees to furnish a specified sum of money to carry on a certain business of the parties, and afterwards fails to furnish the money, he is liable to the other at law for such breach of contract.

An objection to an award returned to the Circuit Court, on account of its not having been returned in time, is waived if not made in that Court.

If a suit pending in the Circuit Court be referred to arbitrators, and the parties agree that the award shall be made the judgment of the Court, judgment may be rendered on the award without a *scire facias.*

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—This was an action of covenant brought by *Chapman* against *Ellison.* The suit was founded on an agreement under seal by which the parties agreed, *inter alia,* that the defendant should furnish 2,000 dollars for the purchase of public land; that the plaintiff should select the land to be purchased, &c.; that the parties should each attend to the buying and selling of the land; and that the plaintiff should have one-third of the profits of the business. There are several breaches assigned, one of which is, that the defendant failed to furnish the 2,000 dollars. By agreement of the parties, the cause was referred to arbitrators, who were to return their award to the first day of the then next term of the Court, and the award was to be made the judgment of the Court. On the second day of the term next after the order of reference, the parties appeared, an award was returned in favour of the plaintiff, and the defendant was ruled to show cause, on or before the calling of the suit, why judg-

ment should not be rendered on the award. At a subsequent day of the term the suit was called; and no cause being shown, judgment was rendered on the award.

The defendant contends that this is a case of partnership, and that an action at law will not lie by one partner against another; but this objection to the. suit is not well founded. There are many cases where an action at law lies by one partner against another for the non-performance of a covenant contained in the articles of partnership, and this is one of those cases. Cary on Part. 71.—*Venning* v. *Leckie*, 13 East, 7.

It is also objected to these proceedings, that the award was not returned in time; but this objection was not made in the Circuit Court, and it is too late now to make it. *Jacobs* v. *Moffatt*, 3 Blackf. 395.

The last objection made is, that there should have been a *scire facias* on the award according to the statute. R. S. 1838, p. 71, sect. 7. This objection is answered by the fact, that the order of reference shows that the parties agreed that the award should be made the judgment of the Court.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*H. Cooper*, for the plaintiff.

*J. B. Howe*, for the defendant.

