## JEFFERSON LOWER, Appellant, vs. DAVID DENTON.

APPEAL FROM CIRCUIT COURT, LA CROSSE COUNTY.

Heard July 23.]                    [Decided September 24, 1859.

*Account—Partnership—Pleadings—Practice.*

A complaint in the nature of a bill to account, brought by one partner against another, must ask for a final settlement of the partnership concerns, and for judgment against the defendant for whatever amount may equitably and justly be found due to the plaintiff, after such settlement; and if not so framed, the plaintiff cannot recover.

One partner cannot bring an action against his co-partner as for a money demand, until the partnership affairs are settled and a balance struck; and the code has not changed the rule in this respect.

This was an action commenced in the circuit court of La Crosse county, by summons and complaint. The appellant's complaint stated, that in April, 1856, Denton and Charles McGregor entered into a contract and co-partnership with the appellant, to build and run a steam saw mill in La Crosse; that Denton was to furnish most of the cash capital for building the mill, and Lower and McGregor were to build the mill, as mechanics; Denton was to furnish the land on which the mill was to stand; and when so built, Denton was to own one half, and Lower and McGregor to own the other half equally. Lower commenced work under this contract on the mill, and labored a month; after which, McGregor having failed to come on and do his part of the contract, Denton agreed with Lower to continue the contract, he, Denton, performing the part of McGregor, and taking his share. Under this agreement, Lower worked eight weeks and three days, of the value of $3 per day. He also paid in for the construction of the mill $325; also several other sums of money, amounting to $255. That in February, 1857, Denton entered into a partnership with Nathan F. Heard to complete and run the mill, without the consent of Lower. That they had taken possession of the mill, and had the

benefit of his labor and money. Therefore he claimed from Denton the amount so due him.

The answer of Denton confessed the contract as set forth in the complaint to build the mill, but denied that Lower was to be paid for his labor or time. He also denied the payment of the money as alleged, and also the charges for board; and then confessed the partnership with Heard, and then set up a counter claim.

Upon the trial before the jury considerable testimony was introduced by the plaintiff, but which may be omitted; at the close of which the defendant moved the court to nonsuit the plaintiff, on the following grounds: 1. "The only cause of action set up in the complaint, or shown by the proof, is for services rendered as a partner to a partnership firm, or firms, of which the plaintiff and defendant were members, or for money invested and put into the partnership, either by paying money into the partnership, or furnishing stock or materials, or boarding hands for the partnership. 2. There is no demand claimed in the complaint, or shown by the proof, except a demand growing out of a partnership transaction between the parties, which demand cannot be enforced at law."

This motion was allowed, and judgment of nonsuit entered. From that judgment this appeal was taken.

*Tucker, Burton & Morse,* for the appellant.

*A. Johnson,* for the respondent.

*By the Court,* COLE, J. We think the circuit court very properly granted the motion for a nonsuit in this case. An examination of the statements and allegations of the complaint satisfactorily shows that the appellant undertook in this action to recover on claims growing entirely out of a partnership transaction between him and the respondent, and this too before there had been any settlement of the partnership affairs; or before it could possibly be known what would be coming to him on such settlement. We suppose the law to be well settled, that when money is due from one partner to another, on partnership account, payment, except in a few special cases, can only be enforced in a court of

equity, upon a bill filed for an account, and a dissolution of the partnership. Courts of law would not entertain suits of this nature, for the reason that it would be idle for one partner to recover what, upon taking a general account amongst the partners, and making a final settlement of the partnership affairs, he might be liable to refund. It is believed that these propositions of law are too well settled to require the citation of authorities to sustain them.

It was insisted, however, by the counsel for the appellant, that since the code had abolished the distinction between actions at law and suits in equity, this action could be maintained. We are unable to concur in this view of the case. For how can it possibly be known, until the partnership affairs are settled whether there would be anything coming to the appellant or not? Obviously the partnership property would have to be first applied to the discharge of the partnership liabilities. This might absorb the whole partnership assets, or at least it would be impossible to tell, until the outstanding debts against the firm were paid, what balance would be due the appellant. Hence the necessity for a dissolution of the partnership between these parties, and for a final settlement of the partnership affairs, before judgment for any amount could be given for the appellant. It was contended that the respondent, by entering into a co-partnership with Nathan F. Heard, without the knowledge or consent of the appellant, thereby put an end to the partnership formerly existing between the parties to this action. Assuming that this was so, still it does not obviate the necessity for an adjustment of the partnership matters, in order to ascertain the balance, which may be due the appellant on such final settlement.

As it appears to us the complaint should have been framed with this aspect, asking for a settlement of the partnership concerns, and for judgment against the respondent, for what-

ever amount might equitably and justly be found due the appellant. The complaint is drawn with no such object; but demands judgment for money advanced and services rendered in and about the partnership matters, to the amount of fourteen hundred and forty-nine dollars, before any settlement has been had, or account stated between the parties.

It was also insisted that the circuit court erred in granting the nonsuit, because evidence was given on the trial of demands not pertaining to the partnership matters mentioned in the pleadings. But as we understand the complaint, the causes of action therein contained relate entirely and solely to and grow out of the partnership transactions between these parties; and the proof offered could only support these allegations. Certainly the appellant ought not to be permitted to recover on a cause of action not set forth in his complaint.

The judgment of the circuit court granting a nonsuit is therefore affirmed.