Tolford vs. Tolford.

RYAN, C. J., took no part.

## TOLFORD vs. TOLFORD.

CAUSE OF ACTION: WAIVER: REVERSAL. *(1) Partner not liable to co-partner before settlement. (2) Waiver of objection to cause of action. (3) Reversal upon evidence, after verdict.*

1. It is the settled law of this state, that before the partnership transactions are closed and an accounting had, one partner has no claim against his copartner individually on account of such transactions, although a final settlement of the affairs of the firm would show a balance in his favor.

2. But where such a claim was set up in connection with other money demands, and the case was fully tried and submitted to the jury upon all the alleged causes of action, no objection to such claim on the ground above stated being taken in any form before or at the trial, and a new trial being asked only on the ground that the verdict was "contrary to law and the evidence:" *Held*, that the error of law was waived, and is no ground of reversal.

3. A verdict will not be disturbed as contrary to the evidence, where there is not a clear preponderance of evidence against it.

Tolford vs. Tolford.

APPEAL from the Circuit Court for *Clark* County.

The complaint stated three separate causes of action: the first for a balance due plaintiff upon certain alleged partnership transactions; the second and third for certain sums of money alleged to have been loaned by plaintiff to defendant. The answer denied that plaintiff and defendant were ever copartners; denied generally the first and second causes of action; and set up a counterclaim.

There was a verdict for the plaintiff; a motion for a new trial on the ground that the verdict was contrary to law and against the evidence, was denied; and defendant appealed from a judgment on the verdict.

The cause was submitted on the brief of *O'Neill & Sheldon* for the appellant, and that of *B. F. French* as attorney, with *MacBride & Grundy*, of counsel, for the respondent.

For the appellant it was argued, that one partner cannot, in general, sue another in respect to partnership transactions, unless there has been a balance struck; that this case does not fall within any of the exceptions to that rule (Story on Part., § 219, note 2); and that where the complaint does not state a cause of action, a judgment for the plaintiff will be reversed. *K—— v. H——*, 20 Wis., 239; *Am. B.-H., O. & S. M. Co. v. Gurnee, ante*, p. 49.

For the respondent it was argued, that where a partnership has terminated, and there are no outstanding debts, as in this case, the true rule is that laid down in Pennsylvania, Massachusetts and in other states (but not adopted in New York or South Carolina), that if one partner has received more than his share of the partnership money, an action like this will lie as upon an implied promise. *Lamalere v. Caze*, 1 Wash., 435; *Ozeas v. Johnson*, 1 Binney, 191; *Fanning v. Chadwick*, 3 Pick., 420; *Brinley v. Kupfer*, 6 id., 179; *Williams v. Henshaw*, 11 id., 79; *Brigham v. Eveleth*, 9 Mass., 538; *Jones v. Harraden*, id., 540; *Bond v. Hays*, 12 id., 34; *Wilby v. Phinney*, 15 id., 116.

Tolford vs. Tolford.

ORTON, J. In this case, the first cause of action set out in the complaint is predicated upon partnership dealings and transactions between the parties, which had not been closed, settled or adjusted, and of which no accounting had been made, or balances in favor of either party had been ascertained. The other causes of action set out are common money demands.

The law of this state is perfectly well settled, " that one partner has no claim against his copartner individually on account of partnership transactions, although a final settlement of the affairs of the firm would show a balance in his favor." *Sprout v. Crowley*, 30 Wis., 191; *Lower v. Denton*, 9 id., 268; *Tenney v. State Bank of Wisconsin*, 20 id., 152.

No objection was made on this ground to the first cause of action, or that it was joined with the other causes set out in the complaint; but the case was tried fully upon all the causes together, and the defenses and counterclaims of the answer, and was fully and fairly submitted, without objection, to the jury, by the instructions of the court. No exceptions were taken to the evidence or to the instructions; and a new trial was asked on the sole ground that the verdict was contrary to the law and against the evidence, which was denied by the court.

The evidence was very complicated, uncertain and contradictory, and the jury unquestionably did the best they could to arrive at a just verdict.

This court will not disturb the verdict in such a case, unless there is a clear preponderance of the evidence against it, or correct errors of law fully waived and assented to on the trial.

We think the circuit court very properly denied the motion for a new trial.

*By the Court.* — The judgment is affirmed, with costs.

RYAN, C. J., took no part.