## HILL and another vs. PALMER.

*November 2 — November 21, 1882.*

PARTNERSHIP: PLEADING. *(1-3) When partner may maintain action at law against copartner. (4) Complaint construed.*

1. An action at law may be maintained for the breach of an executory contract to form a future copartnership.
2. The wrongful refusal by a party to a contract of copartnership to permit the firm to *launch* the partnership business, is ground for an action at law by the injured partner.
3. If the damages resulting from a breach by one partner of a covenant or stipulation in the partnership agreement belong exclusively to the other partner, and can be assessed without taking an account of the partnership business, an action at law may be maintained by the injured partner for such damages. *Sprout v. Crowley*, 30 Wis., 187.
4. A complaint alleging that it was agreed between the plaintiffs and the defendant that they "should enter into a copartnership for the purpose of cutting, logging, and running" timber of one C.; that by the terms of the agreement the defendant was to make a contract with C. for said work, in his own name, for the benefit of the plaintiffs and himself, and that the work was to be done jointly, and the expenses and gains or losses to be shared by the plaintiffs and the defendant; that the plaintiffs gave the defendant valuable information concerning the work, which had been obtained by them at great expense; that the defendant entered into the contract with C.; that in so doing he relied upon the information given by the plaintiffs; that he counseled with them as to the various conditions of the contract, and that before its final execution he informed them of its contents, and was by them authorized to execute it; that the contract was executed by the defendant for the benefit and in behalf of the plaintiffs as well as himself, and in pursuance of the agreement between them; that the plaintiffs were ready and offered to perform the contract with C. and comply with the conditions of the partnership agreement as agreed to be entered into; that the defendant refused to comply with the conditions of his agreement with the plaintiffs, "by refusing to enter into or carry out said partnership, and by refusing to permit" the plaintiffs to take any part in the performance of the contract with C.; that he performed such contract alone, and was paid therefor by C.; that the profits which would have been made by the plaint-

iffs and the defendant in said work would have been $11,000; and that the plaintiffs have been damaged by reason thereof in the sum of $5,500,— is *held* to state facts constituting a cause of action at law. *Tolford v. Tolford*, 44 Wis., 547, and other cases in this court holding that one partner has no claim against his copartner individually on account of partnership transactions, although a final settlement of the affairs of the firm would show a balance in his favor, distinguished.

ORTON, J., dissents.

APPEAL from the Circuit Court for *Waupaca* County.

This is an appeal from an order sustaining a general demurrer to the complaint. It is stated in the complaint that one Cline was the owner of certain pine lands in Shawano county, and informed the plaintiffs that if suitable terms could be agreed upon he would enter into a contract with them to cut, log, and run the timber standing on such lands; and that thereupon the plaintiffs went upon said lands and estimated the quantity of timber thereon, and the cost of cutting, logging, and running the same, and of the improvements necessary to be made in certain streams upon which the logs were to be run, for the purpose of entering into a contract with Cline in that behalf. The complaint proceeds as follows:

"And the plaintiffs further show that thereafter, and in the month of September, 1877, these plaintiffs and the said defendant, *John N. Palmer*, entered into a contract or agreement wherein and whereby it was agreed that the said parties should enter into a copartnership for the purpose of. cutting, logging, and running said timber of said Cline as hereinafter set forth.

"That by the terms of said contract it was agreed and understood by and between these plaintiffs and the said defendant that the said defendant should immediately apply to the said Cline for the job of putting in and running of said timber; operations to commence during the fall of said year, and said timber to be put in during the coming logging

season of 1877-8, or as much thereof as the said Cline would permit, and the balance during the following logging seasons, until all should be put in; that the said defendant was to take said job of putting in all of said timber pursuant to said agreement, provided he could get therefor not less than $24,000; that such contract for said job was to be made in the name and taken by said *John N. Palmer* alone, for the benefit of said defendant and these plaintiffs, and that the business of said partnership, and all the transactions thereto appertaining, were to be done and carried on by the said parties jointly, and that said plaintiff *Hill* should personally manage and superintend the cutting and banking of said logs; and it was further agreed and understood by and between said plaintiffs and said defendant that said defendant should furnish and bear one half the expense and cost of said logging operation, and the cost necessary to properly improve said streams to facilitate the running of said logs, and all other expenses and costs thereto appertaining, and these plaintiffs, together, to furnish one half thereof; that all losses, or gains and profits, if any there should be, be divided equally between them, one half to the said defendant and one half to these plaintiffs, and all partnership property, supplies, camping equipments, etc., remaining on hand after the completion of said job, to be likewise divided between said parties.

"And these plaintiffs further show that said defendant knew nothing of the quantity of the timber upon said lands, or the cost of putting in the same, or the cost of the improvements necessary to be made for running the same. That in consideration of said agreement above set forth to enter into a copartnership, and of the negotiations to be made by said defendant with said Cline for the job of putting in said timber, these plaintiffs, at said defendant's request, informed said defendant thereof, and gave him their estimates of the quantity thereof, and of all costs necessary in putting in the

same, which knowledge these plaintiffs had obtained at great expense as aforesaid, and which alone enabled the said defendant to make the contract hereinafter set forth with said Cline.

"The plaintiffs further allege that thereafter, and on the 21st day of September, 1877, the said defendant, pursuant to said agreement with these plaintiffs, and as directed by said parties to said agreement, made and entered into an agreement (for the benefit of these plaintiffs and said defendant) with said Leonard Cline for logging off and running said timber upon the lands above referred to."

The contract between Cline and the defendant is then set out at length, but may be omitted here, as its provisions do not affect the determination of this appeal. The complaint then contains the following allegations:

"That said defendant relied entirely upon the information given him by these plaintiffs as aforesaid in making said contract, and counseled with them as to the various conditions thereof; that before the final execution of said agreement the said defendant informed the said plaintiff *Briggs* of the contents thereof; that the said *Briggs*, for himself and said plaintiff *Hill*, being thereunto authorized, fully consented to all the conditions thereof, and authorized the said defendant to sign and execute the same; that said agreement was thereupon executed by said defendant, but for the benefit and in behalf of these plaintiffs as well as said defendant, and in pursuance of said agreement between these parties.

"These plaintiffs further allege that after the execution of said agreement between said defendant and said Cline, and on or about the 22d day of September, 1877, the said plaintiff *Briggs*, by and with the consent and authority of said plaintiff *Hill*, notified the said defendant personally that they, the said plaintiffs, were ready to perform the said contract between the said defendant and these plaintiffs, and enter into said partnership, and to commence operations in

making necessary improvements on the streams to run such logs as they might put in, and to commence said logging operations, and then duly offered on their part to do so, and to perform said contract, and comply with the conditions of said partnership contract as agreed to be entered into as between said parties and in pursuance of said contract with said Cline; that these plaintiffs had then on hand a large amount of tools, teams, supplies and camping outfit, sufficient to perform said contract on their part, and were ready and willing to perform the same; that said defendant then and there, in violation of his contract with these plaintiffs, refused to comply with the conditions thereof by refusing to enter into or carry out said partnership, and by refusing to permit said plaintiff *Hill* or either of said plaintiffs to take charge of the cutting and banking of the logs above mentioned, or to take any part in said logging operations or in the performance of said agreement with said Cline, and that said defendant then and there notified said plaintiffs that he would not act with them in the performance of said contract entered into with said Cline, and thereby refused to enter into partnership with the plaintiffs as agreed upon; that said defendant immediately commenced said logging operations and completed the same in the spring of 1880, according to the conditions of said contract with said Cline, utterly refusing to permit these plaintiffs to join him therein.

" These plaintiffs further allege, upon information and belief, that said defendant has been fully paid according to said contract.

" And these plaintiffs further allege that by reason of the breach of said contract by said defendant, as aforesaid, these plaintiffs have been greatly damaged; that the profits which would have been made by these plaintiffs and said defendant in said logging operation, over and above all costs and expenses, under said contract with said Cline, would have been $11,000; that these plaintiffs were damaged by reason thereof in the sum of $5,500."

Judgment is demanded for $5,500 and costs.

For the appellants there was a brief by *Bump, Hetzel & Canon* and *Patchen & Weed*, and oral argument by *Mr. Hetzel*.

The cause was submitted for the respondent on the brief of *Chas. W. Felker.*

LYON, J.   Counsel agree that the learned circuit judge sustained the demurrer to the complaint on the ground that the facts therein stated show that the parties were partners in the contract with Cline, and in the execution thereof, and that the only remedy of the plaintiffs is by an action in equity for an accounting and settlement of the partnership affairs.

The question to be determined is, Does the complaint state facts which constitute a cause of action at law for the recovery of damages, or must the plaintiffs resort to an equitable action for relief?   It is a fairly debatable question whether it appears from the complaint that the agreement between the parties, in respect to the copartnership, was anything more than an executory agreement to enter into a partnership in the future, which was never executed.   The agreement alleged is not in terms that the parties thereby formed a copartnership, but that " it was agreed that the said parties *should* enter into a copartnership " for the purposes therein specified.   The breach of such agreement alleged in the complaint is that the defendant " refused to comply with the conditions thereof by refusing *to enter into* or carry out said partnership."   But, however this may be, it seems clear that if any copartnership ever existed between these parties it commenced when the agreement between Cline and the defendant was executed.   Giving to the complaint the most favorable construction for the defendant of which it will admit, and we think the agreement therein alleged is, in substance and effect, that if the defendant should succeed in making a contract with Cline which should be satisfactory to

the plaintiffs, to cut, log, and run Cline's timber, then the parties should become partners in that enterprise on the terms and conditions stipulated between them.

In that view of the case there may have been a time when a copartnership actually existed between the parties; but it was immediately terminated by the wrongful act of the defendant (so far as he could terminate it) and no business was transacted — nothing whatever was done by the parties as partners. The defendant excluded the plaintiffs from all participation whatever in his contract with Cline as soon as it was made, and they had no part in the performance thereof. By such wrongful act the defendant refused to launch the partnership business, and thus rendered the copartnership inoperative for the purposes for which it was formed. There is no doubt whatever that an action at law may be maintained by a party to an executory contract to form a future copartnership to recover damages for a wrongful refusal by the other party to execute such agreement. It is also well settled that the wrongful refusal by a party to a contract of copartnership to permit the firm to commence business, or, as it is sometimes termed, to *launch* the partnership business, is ground for an action at law by the injured partner to recover damages of the partner whose wrongful act has defeated the purposes for which the copartnership was formed. The cases which so hold, both in England and this country, are very numerous. Indeed, the authorities seem to be quite uniform in so holding. The following are a few of the cases referred to: *Venning v. Leckie*, 13 East (Term R.), 7; *Gale v. Leckie*, 2 Stark., 107; *Manning v. Wadsworth*, 4 Md., 59; *Glover v. Tuck*, 24 Wend., 153; *Bagley v. Smith*, 10 N. Y., 489; *Terrill v. Richards*, 1 Nott & McC., 20; *Ellison v. Chapman*, 7 Blackf., 224; *Williams v. Henshaw*, 11 Pick., 79; *Addams v. Totten*, 39 Pa. St., 447; *Vance v. Blair*, 18 Ohio, 532; 1 Story's Eq. Jur., § 665; Collyer on Part., § 245; 2 Lindley on Part.

(4th ed.), 1025, and cases cited in notes. The subject is much discussed in some of the above cases, and many other cases asserting the same doctrine are cited in the opinions as well as in the above text-books.

The test seems to be that if the damages resulting from a breach of a covenant or stipulation in the partnership agreement by one partner belong exclusively to the other partner, and can be assessed without taking an account of the partnership business, covenant or *assumpsit* may be maintained by the injured partner against the other for such damages. Here, no partnership business was transacted; hence no account could be taken, and the damages claimed belong to the plaintiffs. This principle was applied in *Sprout v. Crowley*, 30 Wis., 187. Should it be conceded that by the alleged agreement of September, 1877, the parties became partners, this action can still be maintained under many of the cases above cited. This court has frequently held that one partner has no claim against his copartner individually, (that is to say, he cannot maintain an action at law against such copartner), on account of partnership transactions, although a final settlement of the affairs of the firm would show a balance in his favor. *Tolford v. Tolford*, 44 Wis., 547, and cases cited. But it has not held that if one partner, immediately after the contract of copartnership is made and before anything has been done under it, wrongfully repudiates the contract and prevents the firm from ever doing any business under it, the injured partner cannot maintain an action at law against his copartner, and recover the damages which he has suffered thereby.

In *Tolford v. Tolford, supra,* and also in *Lower v. Denton,* 9 Wis., 268, an accounting was necessary in order to determine the damages or compensation to which the plaintiff was entitled. These were actions at law. The same is true of *Wood v. Beath*, 23 Wis., 254, which was a suit in equity.

It follows from the foregoing views that the complaint states a valid cause of action at law.

ORTON, J. With all due respect for the opinion of my brethren in this case, I most respectfully dissent therefrom, as establishing a precedent in violation of elementary principles of partnership law, which, it is apprehended, may be construed as overruling the numerous decisions of this court in which these principles have been recognized. These principles are that an action at law will not lie by one partner against another to recover as damages losses occasioned by his misconduct, or by his appropriation of more than his share of the profits of the partnership business. This doctrine, however, seems to be nominally conceded in the opinion, but this concession is outweighed by the facts which establish its denial. The complaint, in violation of a correct rule of pleading, alleges that the defendant refused " to enter into" *or* " to carry out" the copartnership agreement, when all of the facts show that the *gravamen* of the complaint is that he refused to " carry it out " after the partnership had been formed, if he is charged with either, which is very doubtful. The complaint studiously states " that the plaintiffs and defendant entered into a contract wherein and whereby it was agreed that said parties *should* enter into a copartnership for the purpose of cutting and logging timber" on the land of one Cline, with whom a written contract was to be made by and in the name of the defendant alone, but for the partnership benefit, and that in accordance with such agreement the defendant entered into such contract with Cline, and it was thereupon submitted to said plaintiffs ·*and approved by them.* The plaintiffs were to have together one half and the defendant the other half of the profits thereof. After that, the defendant took upon himself the carrying out of said contract, and without and refusing the participation of the plaintiffs in so doing, and did carry it out and perform it, and received all the payments and profits thereof, strictly according to its terms.

The complaint alleges " that the profits which would have

been made by these plaintiffs *and said defendant* in said logging operation, over and above all costs and expenses, under said contract with said Cline, would have been $11,000," and the damages claimed by the plaintiffs jointly are *one half* of these profits, according to their contract of copartnership. The inferences from these allegations are clearly that the defendant did not mismanage said business in any respect, for he carried out the contract with Cline strictly and was fully paid according to its terms, and that he made $11,000 profits, for all three would have made that amount, and *one half* belongs to the defendant, by the admission of the complaint. This is a straight bill in equity for an accounting and distribution of the profits of a partnership business carried on by one of the partners for the benefit of the firm. The contract with Cline was to be made in the defendant's name, and it was properly carried out by him, for Cline knew no other parties, and was not bound to recognize or deal with any one else. If this complaint is for the refusal of the defendant to enter into a copartnership, in violation of his agreement to do so, why do the plaintiffs join and together claim one half of the profits of the business? They join in this suit because they were copartners with the defendant, as they should, and to arrive at their share of the profits an *accounting* is absolutely necessary.

The partnership was formed and complete just as soon as the defendant entered into the written contract with Cline and they had approved of it. From that moment they all became interested both in the business and profits thereof as partners, and this is the whole theory of the case made by the complaint. It is not an action for the mere violation of an agreement to form a copartnership, for in such a case the damages would be either nominal or speculative in some sense and *severed* as to each one damaged. The damages would not be a share of the profits made by the refusing partner in his own private business for all time to come. If

an action at law will lie in this case, it will in any where one partner attends to all the partnership business alone, and refuses the assistance of the other partners and to account to them for the profits he has received.   All the grounds of the majority opinion, and the authorities cited in their support, are substantially admitted therein to be inapplicable by the direct admission that the partnership would be considered formed as soon as the written contract with Cline had been executed and approved by the plaintiffs.   This fact is clearly and directly alleged in the complaint.

I think the learned circuit judge decided correctly in sustaining the demurrer to the complaint as one in an action at law, and the order should be affirmed.

*By the Court.*— The order is reversed, and the cause will be remanded with directions to the circuit court to overrule the demurrer to the complaint.