THE ROCKWELL STOCK AND LAND COMPANY v. CASTRONI.

1. CAUSE OF ACTION.

A breach of an agreement to launch a partnership is actionable.

2. MEASURE OF DAMAGES.

The measure of damages recoverable against one guilty of a breach of contract to form a partnership is not the *per diem* value of the labor of the person against whom the wrong was committed, neither is it what the injured party might have earned had he been disengaged and able to procure employment.

3. EVIDENCE, SECONDARY.

A witness should not be permitted to testify as to the contents of a letter without calling for its production or laying some foundation for the introduction of secondary evidence.

4. ARGUMENT.

The trial court may, in the exercise of reasonable discretion, limit the time to be consumed in argument to the jury.

5. DISCRETION, REVIEW OF.

The exercise of a discretion by the trial judge is rarely interfered with, unless it has manifestly worked harm to the party complaining, and it is apparent that the court abused its authority in the premises.

6. SAME—ARGUMENT.

While it is not clear that the trial court abused its discretion in limiting the time of argument to the jury to twenty minutes on each side, it is considered that limit was exceedingly short, and, considering the volume of the testimony, was much less than what would seem to be reasonable under the circumstances.

*Appeal from the County Court of Weld County.*

Two suits were brought against The Rockwell Stock and Land Company to recover damages. In one case for the in-

juries which Martha Castroni had sustained by reason of the breach of an alleged agreement made between her and the company, and in the other for the wages which Joseph had earned under a special contract. The two suits were tried together and the two appeals were heard at the same time. Most of the facts will be stated in this opinion, which must be referred to in connection with that rendered in Joseph's case. In August, 1893, Martha Castroni and her husband were strangers and apparently stranded in Denver. They were at a place under the management of the Helping Hand Association, which directs its principal efforts to the procurement of labor and the extension of aid to persons who require work or need assistance. Rockwell, the manager of the corporation, which is the appellant here, went to the place looking for people to work. He stated to the manager that he desired some one who understood the care, management and raising of chickens, as he contemplated starting a hennery on the farm of the company in Weld county. Mrs. Castroni heard the application, and broached the subject of her employment to Mr. Rockwell, stating that she was familiar with and desirous of obtaining that sort of work. An arrangement was made for Mrs. Castroni and her husband to call at Mr. Rockwell's office the ensuing day to discuss the project. This litigation grew out of what transpired at that time, and out of what was done by the parties subsequently. Mrs. Castroni and her husband testified to an agreement on the part of Mr. Rockwell, representing the company, to form a partnership between Mrs. Castroni and the corporation to raise hens, chickens, and eggs for market. They contended the terms were substantially agreed upon, and consisted of a contract on the part of the company to build a hen house and all of its necessary appurtenances, buy an incubator and chickens necessary to stock it and furnish a place for the Castronis to live, and Mrs. Castroni was to get as her compensation one half of the profits which might be derived from the enterprise; the skill and labor of Mrs. Castroni being put up against whatever else was necessary to the commence-

ment and continuance of the business. Some parts of this arrangement are conceded, other parts are denied. Very little of the testimony will be discussed, because the case must go back for another trial, and in such cases it is always desirable for the court to avoid such a discussion of the facts as will tend to prejudice either party on the subsequent hearing. It was undoubtedly contemplated by both sides that the enterprise should be undertaken, and the two parties to the arrangement should substantially bear their respective portion of the burden and share in the profits. The time of the commencement of the partnership is a matter in dispute on which the trial court must ultimately pass. It will not, therefore, be discussed, except in so far as to suggest that it is the contention of the appellee, Mrs. Castroni, that her damages arose largely from the failure of the company to start the business at the agreed time. Whether this be or be not true is unimportant to this opinion.

The parties went to the farm on money furnished by the company. The company started the construction of the necessary buildings, continued it from time to time, and finally bought five or six hundred hens, and the business was in a measure launched just before the commencement of the new year. During all this time the company had advanced money in greater or lesser amounts to Mrs. Castroni, to enable her to purchase supplies and care for herself and her husband during the delay incident to the development of a trade in the chicken business. During this time the Castronis lived in the house belonging to the company, used its furniture and appurtenances, lived on the stuff procured from the farm or such as was bought with money which was furnished them by the company. Harvest was in progress when these parties went to the farm. This necessitated the employment of quite a number of men, who boarded at the farmhouse, and for whom, under the suggestion of the manager of the company, Mrs. Castroni cooked. Under what sort of an arrangement this was done is not entirely clear, but it is a matter easily settled by the trial court. Harvesting only continued

for a little time, after which Mrs. Castroni seems to have been doing nothing on the farm, other than those things which were incidental to overseeing the building of the hennery, the arrangement of its details and the buying of the hens and getting the business in shape.   The matter resulted in a very large correspondence between the parties which somewhat tends to elucidate the matter.   It is very evident from all the testimony, both the letters and the other evidence, that both sides contemplated putting the agreement into writing and therein stating definitely the terms of the contract.   It was not done, although numerous promises in that direction were made by the manager of the company and divers letters about it were written by Mrs. Castroni.   Matters went along without any disagreement or trouble, other than some incidental complaints made because of the delay in starting the business and concerning other slight details which need not be mentioned.   Finally, in the first week of January, the parties seem to have fallen out.   Why or how is left unexplained.   In one of Mrs. Castroni's letters she intimates their inability under the arrangement to take care of themselves and a dissatisfaction with the existing condition, and states that she has been offered $30.00 a week to ride the ensuing season with a circus, and that she expects to conclude the arrangement and leave her husband there to run the business. Whether this precipitated matters, or what the cause was, we do not know.   At all events, they seemed to have been told to quit, accepted the situation and left.   Whatever stuff they had was put out of the house and the disagreement resulted in this litigation.   The action was begun before a justice of the peace on an account filed, which charged the company with some $76.80 for meals for Joseph Castroni at sixty cents a day and some thirty-eight or nine dollars for meals furnished Rockwell and his sons, and for the work of cooking for the harvest hands for eleven days.   There was a charge of $100 for one hundred days lost time, from October 1 to January 8, at $1.00 a day.   The total account was $215.75, which was credited on the other side with $97.00 cash and

merchandise.   The suit was for a balance of $118.75.   There was no dispute about the amount of money and merchandise furnished, except as to $5.00, for which the company claimed a greater credit.   After judgment was entered against the company, an appeal was taken to the county court, where the case was again tried, and the plaintiff got judgment for $104.75.   Before the trial, the defendant moved the plaintiff be compelled to give security for costs.   The court denied the motion.   It was based on an affidavit substantially stating something of the situation of the parties, the uncertainty of their residence and the probability that the officers of the court would lose their fees.   During the trial the plaintiff offered evidence in regard to the item of one hundred days lost time between October 1 and January 8.   Mrs. Castroni testified it was for lost time, on the principle that the business should have commenced on the 1st of October, and that she most likely would have obtained work elsewhere but for her reliance upon the agreement.

The defendant objected in apt time to the introduction of the testimony and saved an exception to the ruling of the court permitting its introduction.   Subsequently the plaintiff was interrogated concerning a letter which she had written to the manager of the company and asked to state its contents before any basis whatever had been laid for secondary proof concerning it.   The plaintiff gave no evidence as to the value of her time, as to the work she had been engaged in, or as to what her time would under any circumstances be worth.   On the conclusion of the case the parties were limited to twenty minutes on each side to present the case to the jury.   The defendant asked for additional time to present the case, which was refused and an exception saved to the court's action.   All the various matters suggested were duly saved by a motion for a new trial.

Mr. L. C. ROCKWELL, for appellant.

Mr. CHARLES M. BICE, for appellee.

Bissell, J., delivered the opinion of the court.

Had the case been brought on the proper theory and tried on the correct basis and resulted in a judgment, it could very readily be sustained.   The chief trouble is the case was not correctly conceived and it was tried on a wholly erroneous hypothesis.   Nothing is more generally settled than that a refusal to carry out an agreement to form a copartnership gives rise to a cause of action.   In the present case it is quite clear from the evidence some kind of an arrangement was made between the company and Mrs. Castroni which contemplated the erection of a hennery and the carrying on of its incidental traffic.   She went to the farm in the execution of the projected agreement and remained there for several months superintending the erection of the buildings and the preparation of the plan, and when the company refused to put the agreement in writing or to carry it out it was guilty of a breach of contract for which it must respond in damages. This is clearly settled by many authorities.   Bates on Partnership, vol. 2, sec. 870; Lindley on Partnership, vol. 2, *p. 917; *Bagley v. Smith et al.*, 10 N. Y. 489; *Addams v. Tutton*, 39 Penn. St. 447; *Byrd v. Fox*, 8 Mo. 574; *Hill v. Palmer*, 56 Wis. 123.

The damages, however, do not take the form of the *per diem* value of the labor of the person against whom the wrong was committed.   The court clearly erred in admitting proof concerning the value of her time for one hundred days and permitting her to state that she could probably have earned that amount of money had she been disengaged and able to procure employment.   Of course the difficulty to prove what her loss was is readily appreciated.   The damages, however, could not take that form, nor was this evidence admissible to show what loss she had sustained.   If such testimony could have been offered, there was no attempt on the part of the plaintiff to show the value of her time, or that she had ever worked or earned money, or the kind of employment out of which she could have made that sum.   If the

agreement between the parties had been that she should receive out of the profits of the business a specified compensation *per diem*, a somewhat different question would have been presented, though even then the authorities seem to indicate the recovery could not take the form of the value of the *per diem* for a fixed period, though the proof might be admissible as tending to show the damages sustained because of the breach of the agreement.

The court instructed the jury on the theory which the plaintiff adopted as to her right to recover for the time, and the jury was virtually compelled to find for the plaintiff in that sum if they found for her at all. The defendant asked for some instructions concerning this matter, which the court refused, which was necessarily an error, because the defendant was entitled to have the jury correctly instructed with reference to the measure of damages.

The court was equally at fault in permitting Mrs. Castroni to testify as to the contents of the letter without calling upon the defendant to produce it or laying some foundation for the introduction of this secondary proof.

The appellant complains of the refusal of the court to compel the plaintiff to give a bond for costs. By the terms of the affidavit and motion, the plaintiff was not shown to be a nonresident, but the motion was in reality based upon the danger of the court's officers with respect to the collection of their proper fees and charges. We do not regard the error as well laid, because the motion and the affidavit are not in apt form or sufficient in substance to necessarily compel the court to exercise discretion in this direction.

The appellant complains of the refusal of the court to give him ample time to present his cause to the jury. The right of the court to fix the time which arguments shall consume is conceded by both counsel; the only difference between them being as to whether the present record showed the court exercised a reasonable discretion in the premises. If the court committed an error in this regard, it is not of the gravity or of the sort which would necessitate the reversal

of the judgment. The exercise of a discretion by the trial judge is rarely interfered with unless it has manifestly worked harm to the complaining party and it is apparent the court has abused its authority in the premises. We are not clear as to either of these propositions in the present case. We are very frank to say, however, the limit was exceedingly short, and considering the volume of the testimony was much less than what would seem to be reasonable under the circumstances.

Since the court erred in admitting testimony concerning what should constitute the measure of damages and instructed the jury erroneously as to the plaintiff's right of recovery, the judgment must be reversed and sent back for a new trial in conformity with this opinion.

*Reversed.*