DAVIDOR, Appellant, vs. BRADFORD, Respondent.

*October 11—November 7, 1906.*

*Contracts: Breach: Minimizing damages: Partnership: Contribution: Pleading: Judgment.*

Plaintiff and defendant agreed to purchase jointly 20,000 shares of stock in a mining company, defendant to give his notes to the company for $1,750 therefor, and plaintiff to give his note for $875 to defendant. Plaintiff also agreed to devote his time to selling the stock, and that he would sell the same at advanced prices and would realize proceeds therefrom to pay all the notes before they were due. The purchase was made and the notes given, but plaintiff failed and refused to make any effort to sell the stock or to pay his note to defendant. Defendant thereupon made a settlement with the mining company by which he surrendered 10,000 shares of the stock and received back one of his notes for $875, but was obliged to pay the other. The stock was then unsalable. Plaintiff sued to have his note to defendant canceled, offering to pay any sum which might be found to be actually due from him to defendant. Defendant counterclaimed on the contract for the whole amount he had been obliged to pay. He had judgment for one half of such amount, and was required, on payment thereof by plaintiff, to deliver to the latter one half of the 10,000 shares of stock. *Held:*

(1) Defendant had the right to make the settlement with the mining company either to minimize his damages from plaintiff's breach of the contract or, as a partner, to promote the best interest of the joint enterprise.

(2) Even if the full time for performance of plaintiff's agreement had not then expired, his declaration that he would not perform was such an anticipatory breach as gave defendant a right to treat the contract as terminated and take measures accordingly.

(3) Upon the facts defendant had a cause of action against plaintiff for breach of the contract, and also a right of action for contribution from plaintiff of one half the expense necessarily incurred in the joint enterprise.

(4) The judgment was not erroneous as against plaintiff, whether considered as based on the counterclaim or on the offer made in the complaint.

APPEAL from a judgment of the circuit court for Milwaukee county: E. RAY STEVENS, Judge. *Affirmed.*

Plaintiff, being solicitor for the sale of stock of a certain mining company, approached defendant and represented to him that a block of 20,000 shares of stock could be obtained at price of eight and three-fourths cents per share, and that he, the plaintiff, could promptly dispose of said stock in smaller lots at thirty or thirty-five cents per share, and proposed that the two jointly purchase such block of 20,000 shares, defendant to give his notes to the company for $1,750 therefor, and the plaintiff to give his note to the defendant for half, viz., $875, and agreed that the plaintiff should at once devote his time to selling said stock, and would realize proceeds therefrom to pay all of said notes before they were due. Such agreement was entered into and the respective notes given, but plaintiff made no effort to sell stock or pay his note to the defendant, and when defendant's notes to the company became due he was unable to pay them and plaintiff refused to pay his note and notified the defendant that he would not carry out his part of the agreement either in that respect or by selling the stock, whereupon the defendant secured an adjustment with the company whereby he surrendered one half of his stock subscription and received back one of his notes, but was obliged to pay one note of $875 and received a certificate of 10,000 shares of stock. Said stock was at the time unsalable, and, as the court found, such settlement was for the best interest of the joint enterprise to relieve them from further loss and was made necessary by failure of the plaintiff to perform his part of the agreement.

Some time thereafter plaintiff commenced this suit to procure a cancellation of his note, then overdue and in the hands of the defendant, praying that it be adjudged void and be delivered up and the defendant restrained from attempting to transfer or collect it, and for general relief; offering to pay any sum which might be found to be actually due from plaintiff to the defendant.

Defendant answered, setting up substantially the foregoing facts, and, by way of counterclaim, prayed recovery from the plaintiff of the whole sum he had been obliged to pay to the company by reason of plaintiff's misrepresentations and failure to carry out his contract. Upon the trial all claims in tort were abandoned and recovery according to contract rights was insisted on.

The court made findings substantially in accord with the foregoing statement and rendered judgment that the plaintiff pay defendant one half of $875 paid by the latter, to wit, $437.50, and that the plaintiff's note be canceled as an obligation against him, and that the defendant hold the 10,000 shares of stock for the joint benefit of plaintiff and defendant, to be delivered to purchasers when sold and the proceeds retained by the defendant and applied to the repayment of the sum which he had paid for the stock, or, upon payment of the judgment, one half thereof to be delivered to the plaintiff, from which judgment the plaintiff appeals.

For the appellant there was a brief by *William Kaumheimer,* and oral argument by *Mr. Kaumheimer* and *Mr. C. H. Hamilton.*

For the respondent there was a brief by *Kanneberg & Cochems* and *Harry M. Silber,* and oral argument by *Mr. Silber.*

DODGE, J. We have no difficulty in finding support for the findings of the trial court, if not always in direct words of any witness, at least in the inferences reasonably deducible from the facts and situation shown; especially in view of the fact that the plaintiff's veracity stands impeached both by

undisputed proof of reputation and by intrinsic evasions and self-contradiction. The situation presented, then, is a joint enterprise rendered hopeless of profit by plaintiff's failure and refusal to perform his agreed duty therein. Thereby defendant was laden with a quantity of unsalable mining stock and confronted with the liability to pay $1,750 which could be considered only as loss. At this point either or both of two rules of law became applicable. The contract being breached in a respect rendering its accomplishment impossible, defendant had the right, nay owed a duty, to exercise due diligence to minimize his damages. Also, as one engaged in a joint enterprise, in effect a partnership, he was entitled to use his best judgment and efforts to promote the welfare of that joint enterprise by disposing of the property thereof to the best advantage possible, and paying what was unavoidable to prevent further loss. *Bradley v. Denton,* 3 Wis. 557; *Hill v. Palmer,* 56 Wis. 123, 14 N. W. 20; *Ward v. Am. H. F. Co.* 119 Wis. 12, 25, 96 N. W. 388; *Kelley, Maus & Co. v. La Crosse C. Co.* 120 Wis. 84, 97 N. W. 674; *Bates v. Lane,* 62 Mich. 132, 28 N. W. 753; *Lee's Ex'x v. Dolan's Adm'x,* 39 N. J. Eq. 193. Even if the full time for plaintiff to perform his part of the contract had not expired, his deliberate declaration that he would not perform, either by marketing the mining stock or paying his half of the price, constituted such an anticipatory breach as gave the defendant a right to treat the contract as terminated and to take measures accordingly. *Kelley, Maus & Co. v. La Crosse C. Co., supra; Merrick v. N. W. Nat. L. Ins. Co.* 124 Wis. 221, 102 N. W. 593; *Woodman v. Blue Grass L. Co.* 125 Wis. 489, 103 N. W. 236, 104 N. W. 920; *Roehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780. The findings fully establish that the surrender of half of the mining stock at cost price was beneficial, and beyond any price obtainable by him otherwise; hence it is not open to criticism, whether viewed as an attempt to minimize damages or an act by one partner in protecting the joint property and interests.

From the above-stated situation there doubtless resulted to defendant a cause of action for damages by reason of plaintiff's breach of his agreement and also a right of action for contribution from plaintiff of one half of the expense necessarily incurred in the joint enterprise. *Hill v. Palmer,. supra.* The adoption of the latter alternative by the court is favorable to plaintiff, for the evidence is clear that the profits which would have resulted to defendant from performance of plaintiff's agreement to sell the stock at thirty or thirty-five cents per share, and which defendant has lost by the breach, would have far exceeded the present recovery.

Some contention is made that defendant breached the contract in that he never procured the actual issue to himself of a certificate for the 20,000 shares so that plaintiff could have it in his possession to make sales. To this there are two very sufficient answers: First, the evidence preponderates in favor of the agreement that the stock was to remain to the credit of the defendant upon the company's books and to be issued from time to time to any customers the plaintiff found,. in certificates for the amount sold them; and, secondly, it was the plaintiff and not the defendant who was to procure the assent of the company to the issue of 20,000 shares of stock upon defendant giving his notes for $1,750. Hence there is in this no obstacle to defendant's recovery.

It is quite immaterial whether or not the judgment in this case be considered as rendered upon, and supported by, defendant's counterclaim, whether that be construed as an action at law for damages for breach of contract or a demand merely for a contribution from a partner, either in law or equity. The cause of action set forth in the complaint is one in equity for the cancellation of plaintiff's note, accompanied by an offer of such sum as the defendant may be entitled to from him. The answer sets up all the facts, as well by way of defense as of counterclaim; hence the rights of the parties arising out of the transaction were all submit-

ted to the equitable jurisdiction of the court, and its decision that plaintiff should pay to the defendant one half of the expense incurred by him in this enterprise is with sufficient propriety, and certainly without prejudice to the plaintiff, embodied in a judgment for the recovery of that sum, guarded, as that judgment is, by full provision for protection of plaintiff against all further liability on his note, and for the transfer to him of one half of the 10,000 shares of stock held by the defendant for their joint interest whenever plaintiff shall pay.

*By the Court.*—Judgment affirmed.