SAMUEL BRINGGOLD v. L. J. STUCKY AND OTHERS.[1]

March 20, 1925.

No. 24,462.

**Person who abandons interest in joint adventure not entitled to an accounting from companion who performs his part.**

The plaintiff and the defendants were vendees in a contract of sale of land. They entered into the contract as a joint adventure intending to resell at a profit. When the time of performance came the plaintiff and the defendant Stucky were able to pay their respective portions of the purchase price, but neither could pay the whole. The other defendants were unable to perform. The court found that the plaintiff abandoned his interest. The defendant took another contract from the vendor and acquired title. The finding that the plaintiff abandoned his interest in the contract is sustained, and he is not entitled to an accounting from the defendant for the profit which he made.

*Headnote. See Joint Adventure, 33 C. J. p. 853, § 43.

Action in the district court for Dodge county for an accounting. The case was tried before Senn, J., who ordered judgment of dismissal in favor of defendant Stucky. Plaintiff appealed from the judgment. Affirmed.

*Oscar C. Ronken,* for appellant.

*D. C. Sheldon,* for respondents.

DIBELL, J.

Action for an accounting. There were findings and judgment for the defendants. The plaintiff appeals from the judgment.

[1]Reported in 202 N. W. 739.

On July 3, 1920, one Feigal, the owner of a farm of 190 acres in Dodge county, referred to in the record as the Erath farm, entered into a contract of sale with the plaintiff and the defendants. The sale price was $20,500 to be paid on October 1, 1920. The vendees did not make the payment. On October 8, 1920, Feigal gave notice, pursuant to the statute, of the cancelation of the contract. The registration tax was not paid. The contract is admitted in the pleadings. It is assumed by the parties that, the tax not being paid, the notice did not operate as a cancelation of the contract 30 days after its service. On October 8, 1920, Feigal contracted to sell the lands to Stucky on November 15, 1920, for $20,500, with interest from October 1, 1920, in the event that the contract of July 3, 1920, was not redeemed by that date. There was no redemption. The contract between Feigal and the defendant Stucky was carried out. He acquired title and occupied the land until September, 1921, when he sold it at a profit.

These facts are not in dispute. The court finds that the plaintiff abandoned his interest in the contract of July 3, 1920. The plaintiff claims that the evidence does not sustain the finding; and that Stucky having bought under the contract of October 8, 1920, he and the other vendees under the July 3, 1920, contract may participate in the profits resulting.

The parties are real estate traders. Feigal owned 320 acres in Olmsted which he wanted to sell. Erath owned the 190 acres in Dodge county and wanted to trade for a larger farm. Feigal did not want to trade. So it was arranged that Feigal would deed his farm to Erath and Erath would deed his farm to Feigal, and the parties to this action would buy the Erath farm for $20,500, and the advance at which they sold would represent their profit. They did not have the money and their understanding was that they would put a mortgage, say for $14,000 or more, on the farm, use the proceeds in paying for the farm, and pay the balance in cash. When the time for closing came none of the parties, except the plaintiff and Stucky, had the money to pay his proportion. The contemplated mortgage was not made. There is evidence that the plaintiff objected to making it. There is evidence that on

November 9, Stucky proposed to the plaintiff that they take the land equally, and that he refused; and that he then offered the whole contract to the plaintiff, and that he refused.

An unperfected equitable title may be lost by abandonment. Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589; Mineral Land Inv. Co. v. Bishop Iron Co. 134 Minn. 412, 159 N. W. 966, L. R. A. 1917D, 900. The evidence sustains a finding that the plaintiff refused to perform and abandoned whatever right he had. The vendor and the plaintiff's co-vendees acquiesced. If he abandoned his right, whatever it was, nothing prevented Stucky from making a new contract in his own interest. The contract was in the nature of a joint adventure. A party to such arrangement, with the acquiescence of others affected by his act, may abandon his interest in it. Goss v. Lanin, 170 Iowa, 57, 152 N. W. 43. See Saunders v. McDonough, 191 Ala. 119, 130-131, 67 South. 591; Davidor v. Bradford, 129 Wis. 524, 109 N. W. 576. Of course those engaged in a joint adventure must act in entire good faith toward one another. Church v. Odell, 100 Minn. 98, 110 N. W. 346; Irvine v. Campbell, 121 Minn. 192, 141 N. W. 108, Ann. Cas. 1914C, 689; Kelly-How-Thompson Co. v. Minnesota L. & T. Co. 159 Minn. 529, 199 N. W. 233. The evidence sustains the view taken by the trial court that Stucky acted in good faith.

The case before us is not like one where one cotenant takes for his own advantage a mortgage which all have made.

Judgment affirmed.