HARVARD LAW SCHOOL LIBRARY

James A. Chadsey, plaintiff in error, *vs.* Benjamin Harrison, defendant in error.

*Error to Schuyler.*

The principle is well settled, that partners cannot sue each other at law, for any matter relating to the partnership concerns, unless there has been a final settlement between them, a balance ascertained, and an express promise to pay the balance.
Without a general adjustment of the partnership concerns, there is no consideration to uphold an express promise of one partner to pay his co-partner a balance alleged to be due.
Where a partnership is composed of three persons, two of them cannot state an account which will bind the third.   All must concur in the settlement, and it must embrace all of the partnership transactions.

This was an action of assumpsit, brought by Chadsey against Harrison, in the Schuyler Circuit Court, and a trial was had at the March term, A. D. 1848, before the Mr. Justice Purple, and a jury, when a verdict was rendered in favor of the defendant, for $ 150 08¼

The declaration contained three counts: the first a special one, and the others general *indebetatus* assumpsit counts. The special count was in substance as follows :

" For that whereas the said Harrison, Chadsey, and one Jonathan D. Manlove, heretofore, to wit, on, &c., at, &c., associated themselves together for the purpose of building, fitting out and sending down the Illinois and Mississippi rivers, a large raft of saw logs, to be sold at the city of St. Louis, Mo., on the joint account of the said Harrison, Chadsey and Manlove ; each to share and share equally in the profits and loss of said adventure. And the said Chadsey avers, that at the special instance and request of Harrison and Manlove, he, the said Chadsey, at the time and place aforesaid, undertook and agreed to superintend the fitting out, building and carrying down of said raft, and the selling of the same at the city of St. Louis aforesaid. And the said Chadsey further avers, that, in furtherance of the object of the association aforesaid, and of the request and agreement aforesaid, he, the said Chadsey, afterwards, to wit, on, &c., at, &c., did superintend the fitting out and building of the raft aforesaid, and carried the same down the Illinois and Mississippi rivers aforesaid, to the city of St. Louis, and paid all the expenses attendant upon the same, and then and there sold the said raft, upon the joint account of the said Harrison, Manlove and Chadsey. And the said Chadsey further avers, that the adventure aforesaid resulted in a nett loss to the said Harrison, Manlove and Chadsey of the sum of $ 231 98, over and above the proceeds arising from the sales of the said raft. And the said Chadsey avers, that the said Harrison and Manlove, each, by reason of the premises aforesaid, became liable to pay to the said Chadsey the sum of $ 77 32 2-3, being their respective proportionate shares of the loss incurred by reason of the adventure aforesaid, and paid by the said Chadsey as aforesaid. And the said Chadsey further avers, that the said Harrison afterwards, to wit, on &c., at, &c., in consideration of the premises aforesaid, undertook and promised to pay to the said Chadsey the said sum of $77 32 2-3, when he, the said Harrison, should be thereunto afterwards requested," and concludes with the usual assignments of breaches.

To the special count above set forth, the defendant demurred, and there was a joinder in demurrer, and the Court sustained

the same. To the residue of the declaration the defendant pleaded the general issue, set-off, and several other pleas, which it is unnecessary to set out.

The only error relied upon is, the judgment of the Circuit Court in sustaining the defendant's demurrer to the special count of the plaintiff's declaration.

R. S. BLACKWELL, for plaintiff in error:

The first count of the declaration is good, and the demurrer improperly sustained to it by the Court below.

1. Where there is a partnership for the purpose of a single adventure, as in this case, and that adventure has been fully completed, so that the partnership is at an end, assumpsit will lie by one of the partners against his co-partner, upon an express promise to pay a balance found to be due him. Musier vs. Trumpbour, 5 Wend. R., 274; Robson vs. Curtis, 2 E. C. L. R., 303. 2. So assumpsit will lie, by one partner against his co-partner, in all cases, to recover a final balance of a partnership account, where the judgment will be an entire termination of the partnership transactions between the parties to the action, so that no further litigation can grow out of them; and neither a settlement nor an express promise is necessary to support the action. Fanning vs. Chadwick, 3 Pick. R., 423; Williams vs. Henshaw, 11 Pick. R., 82. 3. And in all cases, where one partner expressly promises to pay his co-partner a certain sum of money, assumpsit lies, whether all of the partnership affairs have been finally adjusted or not. Gibson vs. Moore, 6 N. H. R., 547; Bonaffe vs. Fenner, 6 S. and M., 212. And on demurrer the promise alleged in this declaration will be intended as an express one. Beeker vs. Beeker, 7 John. R., 99; Holly vs. Rathbone, 8 John. R., 148; Elting vs. Vanderlyn, 4 John. R., 237; Atkins vs. Hill, Cowper R., 159.

BROWNING & BUSHNELL, for defendant in error:

The dissolution of partnership may arise from the full completion of the transaction for which it was formed. Story on Part., sec. 280. But after a dissolution, the partnership continues, for the purpose of the collection of debts, and the adjustment and settlement of the partnership affairs. Story on Part., secs. 324, 325, 326 and 328. No settlement of the partnership affairs can

20

take place as between the partners at law, only by the action of account, and it makes no difference in this respect, whether the partnership is general, or only of a particular transaction. Gow. on Part., 70–73; 2 Caine's Rep., 293; 1 Hall's Rep., 180; Rogers *vs.* Rogers, 1 Hall's Rep. 391; 3 Scam., 563; Bovil *vs.* Hammond, 13 Eng. Com. Law Rep. 125.

But where an account has been had between the partners, and a balance ascertained, one partner may maintain an action at law for such balance, if there has been an express promise to pay it, but not otherwise. Gow. on Part., 74–5; Foster *vs.* Manson, 2 T. R., 480; Davenport *vs.* Gear, 2 Scammon, 495; Frink *vs.* Ryan, 3 Scammon, 322, 325; Holmes *vs.* Higgins, 8 Eng. Com. Law, 27. And so is the law in New York. Casey *vs.* Burch, 2 Caine's Rep., 293; Halsted *vs.* Schenetzell, 17 John. R., 80. Westerlo *vs.* Evertson, 1 Wend. R., 532; Attwater *vs.* Fowler, 1 Hall's Rep., 180, 187–8. Murray *vs.* Bogart, 14 John. Rep., 318. Though in Massachusetts and Pennsylvania, where there has been an actual settlement and ascertainment of the balance, in consequence of their peculiar condition, having no Courts of Equity, a suit may be maintained for this balance, without an express promise. Ozeas *vs.* Johnston, 1 Binn. R., 191; Fanning *vs.* Chadwick, 3 Pick., 429; Williams *vs.* Henshaw, 11 Pick., 79; though in the case in the 11th Pickering, 79, it is admitted that the rule in Massachusetts is a departure from the common law. The ground of sustaining the express promise is, that the ascertainment of and agreement upon the balance due, creates a moral obligation to pay; which is a sufficient consideration to support the promise. Gow. on Part., 74–5; Foster *vs.* Manson, 2 T. R., 479. For the same reason, where the promise is held to be implied, from the ascertainment and settlement of the balance, it should be held that the implied promise is created and supported by the moral obligation to pay the debt actually ascertained. It will be difficult to find a case of one partner against another, for a balance due on the entire partnership transactions, where the suit has not been *in form* on an account stated. 2 Scam., 495; 2 Caine's Rep., 293.

This is a question of pleading. The promise, whether express or implied, must be sustained by the moral obligation arising to pay a debt ascertained by settlement. The declaration is special, and hence must show the facts which take this

case out of the general rule, that one partner cannot sue another at law.

If the suit had been by the common count of *insimul compu-tasset*, the fact that a promise was made, might be good, and perhaps sufficient *evidence* to a jury, to enable them to find, as a fact, that a settlement had been had and a balance ascertained; but, I repeat, there is now, under this declaration, a question of *pleading*, and not of evidence. The pleader must himself state the facts, which sustain the action, and the promise, and show wherein this is an exception to the rule.

The plaintiff might have brought his action on the common counts; then the questions would have arisen on the proof, but as he sued *specially*, contrary to the usual course, he must aver facts so as to require proof of a settlement under it: if not allowed, it would not be necessary for plaintiff to prove it, and the plaintiff would recover a balance without proof of settlement.

But there is another fatal defect: the count no where shows that the plaintiff was entitled to any thing, or that he ever paid one cent on account of the joint concern, whereas it does show that the plaintiff received the whole proceeds of the sale of the adventure. If any presumption is to be indulged in, as to who advanced the capital, it would be, that they had advanced in equal proportions, and hence, so long as the plaintiff had the proceeds of the sale in his hands, he would owe the other partners and not they him.

The agreement was, to build, fit out and send down a raft of saw logs. The logs must have been on hand—they were the *capital stock*. The *three* were to build, fit out, &c., the raft. Chadsey agreed only to *superintend* the building of the raft, not to purchase; they were on hand. He avers he did superintend the *building*, &c., of the raft, and paid the expense of building or putting together the logs on hand into the raft, &c., and paid the expenses of what he did; not-that he bought the logs or paid for them. As nothing is said as to who paid for the logs, or the portion of capital stock each put in, the legal presumption is, that each of the partners paid an equal portion. That is true as to the presumption of an equal interest in profits, and an equal burthen as to losses, and why not as to the capital stock? As to community of profits and losses, see Story on Part., secs. 23 and 24. As to community of interest in the

capital stock, equal interest implied, in the absence of express stipulation, see Story on Part., sec. 27.

The declaration does not show that the logs were paid for. Every part of the declaration may be true, and yet Harrison may have paid for the logs; or is alone bound for their payment; or that the partnership bought them on a credit and will have them to pay for; or that the plaintiff who sues, and has *received* the whole proceeds of the sale, has not received twice as much as he has paid out. What consideration is alleged for the express promise, admitting one was made? What right has Chadsey to recover more money, till he shows that he has paid out for the joint concern, more than the whole proceeds of the sale which have come into his hands?

Opinion by TREAT, C. J.:

The principle is well settled, that partners cannot sue each other at law for any matter relating to the partnership concerns, unless there has been a final settlement between them, a balance ascertained, and an express promise to pay the balance. Gow. on Part., 74; Westerlo *vs.* Evertson, 1 Wendell, 532; Foster *vs.* Allenson, 2 D. and East., 480; Davenport *vs.* Gear, 2 Scammon, 495.

The first count of the declaration, after stating the formation and nature of the partnership, simply alleges that the plaintiff paid the expenses of constructing the raft, and taking it to market; and that the nett loss on the adventure exceeded the proceeds of the sale two hundred and thirty-one dollars and ninety-eight cents; one-third of which amount the defendant agreed to pay him. This count fails to show a full adjustment of the partnership affairs. Manlove, one of the partners, was not a party to it. Two partners cannot state an account that will bind the third. All must concur in the settlement; and it must embrace all of the partnership transactions. The settlement between the plaintiff and defendant, if any was ever made, was partial in its operation. It related only to the expenses and proceeds of the raft, and did not extend to the capital stock, and the debts due to and from the firm. We are clearly of the opinion that this count of the declaration shows no cause of action. The promise to pay was not founded on a sufficient consideration—a general adjustment of the partnership concerns.

The Circuit Court decided correctly, in sustaining the demur-rer, and the judgment will be affirmed, with costs.

*Judgment affirmed.*