EDWARD H. RIDGWAY, Plaintiff in Error, *v.* ANGUS M. GRANT, Defendant in Error.

#### ERROR TO JEFFERSON.

After a partnership is settled and a balance is struck, if a surplus remains with one co-partner, he may be liable to the other in an action for money had and received. Until this is done, one co-partner must seek his remedy against the other, by action of account, or by bill in chancery.

THE judgment, complained of in this case, was rendered by BAUGH, Judge, at May term, 1855, of the Jefferson Circuit Court. The facts of the case are stated in the opinion of the court.

R. F. WINGATE, for Plaintiff in Error.

S. S. MARSHALL and R. S. NELSON, for Defendant in Error.

CATON, J. This was an action of covenant, brought by one partner against the other, upon the co-partnership articles, for the recovery of one thousand dollars, the amount of capital stock paid into the concern by the plaintiff. The substance of

the articles of co-partnership is, that the plaintiff should put into the concern one thousand dollars in cash, and that the defendant should put in his stock of goods at one thousand dollars; that the business should be conducted in the name of A. M. Grant, who should be the active and managing partner, and that the name of Ridgway should not be known in the concern; that the co-partnership should continue for one year. The agreement concludes as follows: " The said A. M. Grant is to attend exclusively to the establishment, and at the expiration of the partnership, each party shall draw from the establishment one thousand dollars, as the capital stock in trade, and one-half of the profits accruing therefrom. The parties each and severally bind themselves to continue the partnership for the term of one year, and that the books and accounts, &c., shall be open to the inspection of either party, as long as the firm continues." The breach assigned is, that Grant, at the expiration of the partnership, did not pay to Ridgway the one thousand dollars. To this declaration a demurrer was sustained, which is now assigned for error.

We have no doubt that this demurrer was properly sustained. There is no covenant by either partner to pay the other the capital stock paid in. At the most, the covenant is by both partners, to each individually, that each should be entitled, at the termination of the partnership, to withdraw his capital put in and one-half of the profits realized, and this only upon the supposition that the concern should prove a profitable and not a losing operation. The declaration does not aver that any profits were realized, or even that any of the capital remained. This action is an attempt to make Grant a guarantor to his co-partner that the concern should not at least be a losing one. From the terms of this contract, Grant had as much right to insist that Ridgway should guarantee to him the amount of the capital which he put into the business, as the latter has to maintain this suit.

It is due to creditors that neither should withdraw his capital or profits until their debts are paid, and it is equally the right of each partner, that the assets of the concern should remain intact till all debts were paid and the balance struck. Even if the declaration showed that all debts had been paid, and a surplus exceeding the capital paid in remained, still this action could not be maintained. After a partnership is settled up, and a balance struck, with a surplus remaining in the hands of one partner, he may be liable to his co-partner for money had and received to his use. Till that is done, one partner must seek his remedy against the other, either by action of account or by bill in equity.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*