## WILLIAM I. ANDERSON v. WILLIAM ROBERTSON.

1. AMENDMENT.—Under the New Pleading Act of 1850, the court may allow the plaintiff to amend his complaint by striking out the name of the usee.

2. SAME: CHANGE OF PARTIES: EFFECT.—If the plaintiff amend his complaint by omitting the name of the usee in the amended complaint, it is an abandonment of the original complaint and of the pleas of the defendant thereto, and the cause will proceed to trial and judgment on the amended complaint and the answers of the defendant to it, without reference to the original complaint or pleas; and therefore it will not be erroneous for the plaintiff, upon his demurrer to the defendant's answers to the amended complaint being sustained, and the defendant's failure to answer over, to sign judgment for want of a plea.

3. PARTNERSHIP: REMEDIES AS BETWEEN PARTNERS.—If one co-partner make a note payable to his associate, for the use of the firm, the latter may recover the same in an action at law in his own name.

4. SAME.—A court of common law has no jurisdiction to settle a general account between co-partners; and hence, if one co-partner be sued by his associate, on a note payable to the latter for the use of the firm, he cannot plead as a set-off that the plaintiff is indebted on the general account to the firm in a sum equal to the amount of the note.

IN error from the Circuit Court of Lowndes county. Hon. F. M. Rogers, judge.

The defendant in error sued the plaintiff in error, on a note pay-

able to him "for the benefit of Robertson and Anderson." The original complaint was for the "use of Robertson and Anderson." In this complaint the defendant below filed several answers, upon which issue was taken. Afterwards the plaintiff obtained leave of the court, and filed an amended complaint, by which the action was prosecuted for his own benefit. To this the defendant filed two pleas, which, in substance, are stated in the opinion of the court. The plaintiff demurred, and his demurrer being sustained the defendant declined further to plead, and the court entered judgment final for the amount of the note and interest, against the defendant, without having made any disposition of the issues on the pleas to the original complaint. From this judgment the defendant prosecuted this writ of error.

*James T. Harrison,* for plaintiff in error.

*Locke E. Houston,* for defendant in error.

FISHER, J., delivered the opinion of the court.

This was an action in the Circuit Court of Lowndes county, founded upon a promissory note made by the defendant, payable to the plaintiff for the benefit of the plaintiff and defendant. The suit was at first brought for the use of the plaintiff and defendant, but the court, upon motion, permitted a new complaint to be filed, by which it appeared that the suit was prosecuted alone for the benefit of the plaintiff.

It is in the first place argued, that the court erred in permitting this amendment to be made. It has been repeatedly decided that under the Pleading Act of 1850, the court could permit such an amendment to be made. The amendment was of course an abandonment of the original complaint, and, as a consequence, an abandonment of the pleas of the defendant thereto.

We must, therefore, confine our examination entirely to the amended complaint and to the pleadings of the defendant thereto. The pleas, in substance, show that the plaintiff and defendant were co-partners at the time the note sued on was given, and that the debts of the concern had been paid before the commencement

of the suit, without stating whether they had been paid by the assets of the firm, or by the individual means of the plaintiff. The second plea merely sets up that the plaintiff was indebted to the firm in about the sum of two thousand dollars, at the time the note was given.

The court below sustained a demurrer to both pleas; and the defendant failing to plead further, a judgment final was rendered for the plaintiff.

The first plea was clearly defective in not showing that the debts were paid by the assets of the firm, if such a defence would even then have been good.

The second plea omitted to state that the plaintiff was indebted to the firm upon an account stated, or upon an acknowledgment binding the plaintiff. It may be inferred that it was merely a general indebtedness, growing out of the co-partnership transactions, asserted by the defendant but not admitted by the plaintiff. The plea, in short, sought to litigate matters of account belonging to the co-partnership—which could not be done in a court of law. The note was a legal obligation, and, as an incident, the plaintiff was entitled to his legal remedy to enforce it. Nothing short of a legal defence could be interposed to defeat a recovery. The defence set up could only be made in a court of equity, where the matters of account connected with the co-partnership could be investigated. If there should exist no occasion for the plaintiff to apply the money to the purposes of the co-partnership, a court of equity will of course grant an injunction, at least to the amount of one-half, or the amount of the defendant's interest.

Judgment affirmed.