SAMUEL ·BURNS

*v.*

THOMAS C. NOTTINGHAM.

60 531
88a 3

1. PARTNERSHIP—*suit by one partner against another—when it will lie.* One partner can not sue another at law until there has been a dissolution of the partnership, a final settlement of the affairs of the firm, a balance struck and a promise to pay. Balances struck only preparatory to a settlement are not sufficient. Until the final settlement is had, the remedy is in equity. A statement of accounts between two of three partners, showing the amount of profits that had been made, but which failed to state in whose hands they were, the amount each partner was entitled to receive, or whether the partners had received their capital stock put in, or had accounted for funds, if any, drawn out by them, is not such an accounting and settlement as authorizes one partner to sue another at law.

2. SETTLEMENT—*evidence.* Where one partner testifies a settlement was had with one or two other partners, and he understood that a certain sum was due him, but does not say it was found to be due on the settlement, or that the other admitted such sum to be due, and testifies that the other agreed to give his notes for what he owed, but the latter, in his testimony, denies that any sum was found to be due, and that he was willing to give his notes for what was due when it could be ascertained: *Held,* this evidence fails to prove a final settlement and a balance struck. In such a case, the remedy is in a court of equity.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. WILLIAM POTTER and Mr. J. H. BURNS, for the plaintiff in error.

Mr. THOMAS P. BONFIELD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by defendant in error, in the Kankakee circuit court, against plaintiff in error. A trial was had by the court and a jury, resulting in a verdict and judgment of $1000 against plaintiff in error, to reverse which the record is brought to this court on error.

It appears that the parties to this suit were, for a time, partners as suttlers for the army, and afterwards took one Robinson into the firm. This action was brought to recover a balance claimed to be due from plaintiff in error on a settlement of the affairs of the firm. But it is urged by plaintiff in error that the evidence fails to show a final settlement, the ascertainment of the balance due, and a promise to pay the same. It is the settled law of this court that one partner can not bring an action in assumpsit against his late partner, unless, upon a dissolution of the co-partnership, the partners account together, and a balance is stated in favor of one, and the other agrees to make payment of such sum. The balance so found must be a final settlement of all the partnership accounts, but balances only struck preparatory to a final account are not sufficient to form the subject matter of an action at law. Until this is done, the remedy is in equity. *Davenport* v. *Gear*, 2 Scam. 495; *Frink* v. *Ryan*, 3 Scam. 322; *Chadsey* v. *Harrison*, 11 Ill. 151; *Ridgway* v. *Grant*, 17 Ill. 117. And as a general rule, such a settlement must be accompanied by a promise to pay by the partner thus found indebted, to confer jurisdiction on a court of law.

The question is, then, presented whether, in this case, it appears that there was such a settlement and promise. A written statement signed by the parties was produced and read in

evidence, which states that it is a settlement between the parties to this suit, but is not signed by Robinson, the other partner. It states that it shows the profits of the concern. It fails to state in whose hands the funds were, and there is no presumption that one partner has them rather than another, as each has an equal right to retain them until there is a final settlement.

This instrument does not fix any amount that each partner is entitled to receive out of these profits; nor does it appear whether the partners had each received his share of the capital stock put into the partnership, or what amount, if anything, may have been drawn out by the several partners. Although called a settlement, it is indefinite and wholly unsatisfactory as to the rights and liabilities of the several partners. Again, Robinson was not a party to this statement, and if he were, it fails to appear what portion of these profits belong to him. This written statement is wholly insufficient to fix a liability for any sum on plaintiff in error.

When considered, the evidence of defendant in error is not clear and satisfactory as to a settlement. He testifies that he got the tin ware and collected the account of Robinson, and that plaintiff in error paid him a watch at $100. He says the settlement was made, and plaintiff in error owed him a balance of $1100, and agreed to give his notes. On cross-examination, he says he understood that Burns owed him $1100, and that Burns proposed to give his notes to him and pay them as they fell due. Defendant in error does not say that plaintiff in error admitted that he owed him the $1100. He says that sum was due him, and that he understood it to be due him. He does not say that sum was found due him on settlement. And plaintiff in error swears that he told defendant in error that he would pay him when he could ascertain the amount he owed him; that he was willing to give notes, horses, or anything else, if he could ascertain the amount; that he wrote to Robinson for a statement of their accounts, but did not receive it; that he had no other settlement except as

shown by the written statement. He also states that their clerk took the books, and he has no knowledge of what became of them; that defendant brought the written statement with him, and that he does not believe he owes defendant the amount he claims.

In considering all the evidence, we fail to find that there was a final settlement, a balance struck, and a promise to pay the balance. It is not shown by the written instrument, nor is any amount fixed upon by defendant in error, which was admitted by plaintiff in error as being due him; and plaintiff in error denies that he agreed to any definite amount. This, then, falls far short of the evidence of such a settlement of the partnership affairs, and the striking of a balance, as authorizes a recovery in an action of assumpsit for money had and received. On the state of facts disclosed by this record, the only remedy is in a court of equity.

The court below erred in overruling the motion for a new trial, and the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*