## WILLIAM C. BUCHANAN

*v.*

## SOPHIA MEISSER.

*Filed at Mt. Vernon January 31, 1883.*

1. STOCKHOLDERS—*individual liability.* The effect of a provision in the charter of a bank making its stockholders liable to creditors of the bank on its default, to an amount equal to the amount of stock held by them, is to withdraw from the stockholders, to the amount of their stock, the protection of the corporation, and leave them liable to that extent as partners.

2. SAME—*right of stockholder to set off debt due him from the corporation, as against a creditor.* In an action by a creditor of a corporation against a stockholder to enforce his individual liability to the amount of his stock, he can not plead as a set-off an indebtedness of the corporation to himself, as such debt is not that of the party suing. Debts, to be set off at law, must be mutual, and between the same parties.

3. SAME—*extinguishment of stockholder's individual liability.* The recovery of a judgment by a creditor of a corporation against a stockholder for a sum equal to the amount of his stock, that being the limit of his liability for the corporation, will extinguish his liability. So, it is not doubted, will a voluntary payment by him to such a creditor of the corporation who has the right to sue him and recover judgment at law on his liability.

4. But a payment of a sum equal to his stock to the firm of which he is a member, in satisfaction of a debt due from the corporation to his firm, will not release him from his liability as a stockholder of such corporation, or bar a suit by another creditor, as the firm could not maintain an action at law against him.

5. SAME—*contribution among stockholders, in equity.* A stockholder of a bank who pays the amount of his individual liability to a firm in which he is a partner for a debt due such firm from the bank, thereby acquires an equitable right against his co-stockholders, recognizable and enforcible only in equity.

6. ACTION—*not by a firm against a partner.* A partnership firm, as a creditor of a corporation, can not maintain an action at law against one of such firm to enforce his individual liability as a stockholder to the creditors of the corporation, since he can not be both a plaintiff and defendant.

7. PARTNERSHIP—*one partner can not pay his own debt from partnership effects.* One partner has no authority to apply partnership effects to the satisfaction or extinguishment of his own debt, without the express consent of his co-partners.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the circuit court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of debt, by Sophia Meisser, a creditor of the People's Bank of Belleville, against William C. Buchanan, as stockholder in that bank.

Among other things, it is alleged in the declaration that it is provided by the 9th section of the charter of that bank, that "whenever default shall be made in the payment of any

debt or liability contracted by said corporation, the stock-holders shall be held individually responsible for an amount equal to the amount of the stock held by them, respectively, and such liability shall continue until three months after an assignment of the stock, and publication of a notice thereof in a newspaper published at the   *   *   *   city of Belle-ville;" that the bank is indebted to the plaintiff for various specified amounts, for money deposited; that when these debts were contracted the appellant owned thirteen shares of the capital stock of the bank, of the par value of $100 each, and that on April 22, 1878, the bank became insolvent, and made an assignment of all its effects, and any demand for the payment of the indebtedness to plaintiff would, therefore, have been unavailing. The general issue was pleaded by the defendant, and by agreement of parties the cause was tried by the court upon the following stipulation:

"It is agreed that this cause may be tried by the court, a jury being waived, upon the following admitted state of facts: That all the material allegations of plaintiff's declaration are true, and that when the People's bank made the assignment it was indebted to Harrison & Co. in the sum of $4560, for money deposited in the bank by Harrison & Co. before that time; that Harrison & Co. was a partnership firm, consist-ing of defendant, Theophilus Harrison, Hugh Harrison, and Cyrus Thompson, and the firm was not a stockholder in the bank, although defendant and the two Harrisons were. Defendant, in order to cancel his double liability under the bank charter, and for that purpose, was, with his consent, charged by Harrison & Co., before this suit was commenced, the sum of $1300, and Harrison & Co. credited the bank's indebtedness with a like amount."

The court, in effect, excluded this defence, and thereupon gave judgment for the plaintiff for $1300, and costs, after overruling a motion for a new trial, to all of which defend-ant excepted. Defendant appealed from this judgment to

the Appellate Court for the Fourth District, and that court affirmed the judgment of the circuit court. This appeal is from the last named judgment. The errors assigned bring before this court the question of whether, on the facts alleged and proved, plaintiff was entitled to judgment.

Mr. CHARLES W. THOMAS, for the appellant:

The Appellate Court held in *Meisser* v. *Thompson,* 8 Bradw. 369, the statute was passed solely for the benefit of creditors who were not stockholders, and a stockholder can not discharge his liability by payment to a creditor who is also a stockholder; nor can one stockholder, who is a creditor, sue another at law to enforce his statutory liability; nor can a stockholder who is a creditor set off the debt due him from the bank in discharge of any portion of his liability,—citing in support thereof *Bailey* v. *Bancker,* 3 Hill, 188; *Weber* v. *Frickey,* 47 Md. 200; *Beers* v. *Waterbury,* 8 Bosw. 399; *Thayer* v. *Union Tool Co.* 4 Gray, 75; *Richardson* v. *Abend-roth,* 43 Barb. 165. These cases do not sustain the ruling.

The stockholder may discharge his liability by payments to creditors of the corporation, and it is not material how that liability is discharged. (*Jones* v. *Wiltberger,* 42 Ga. 575.) And he may set off his judgment against the corporation, if fair and honest, against his individual liability to another creditor of the company. *Boyd* v *Hall,* 56 Ga. 563; *Briggs* v. *Penniman,* 8 Cow. 386.

A stockholder who is also a creditor of a corporation will not be held liable, individually, to other creditors, if the aggregate of all the other stock liabilities is sufficient to pay the debts of the company. *Bank of Poughkeepsie* v. *Ibbotson,* 24 Wend. 73; *Garrison* v. *Howe,* 17 N. Y. 458.

Mr. WILLIAM C. KUEFFNER, for the appellee:

This statutory liability of stockholders is for the protection of creditors of the corporation, and not the stockholders.

They are left to such remedies as were previously provided for the adjustment of partnership transactions. To the extent of their stock they are liable as partners. *Meisser* v. *Thompson*, 9 Bradw. 369; *Bailey* v. *Bancker*, 2 Hill, 190; *Fuller* v. *Ledden*, 87 Ill. 313.

A stockholder in a corporation having a claim against it for which the stockholders are individually liable, can not recover upon it in an action against one of the stockholders alone, but must set it up in a proper action against the stockholders generally, for contribution. (8 Bosw. 395; *Bailey* v. *Bancker*, 2 Hill, 190; *Richardson* v. *Abendroth*, 43 Barb. 165.) And the remedy is in equity. (*Thayer* v. *Union Tool Co.* 4 Gray, 80.) He may sue another stockholder if he has discharged his individual liability so that he can not be called on for contribution. *Weber* v. *Frickey*, 47 Md. 200.

A stockholder may not discharge himself by paying the amount for which he is individually liable, to the corporation, nor can he, when sued by a creditor, set off a debt due him by the corporation. Thompson on Liability of Stockholders, secs. 381, 386, 387; *Sawyer* v. *Hoag*, 84 U. S. 623.

The charter will be construed most strongly against the corporation. *Mills et al.* v. *County of St. Clair*, 2 Gilm. 198; *Northwestern Fertilizing Co.* v. *Hyde Park*, 70 Ill. 634.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question arising upon this record for our determination is, whether the circuit court properly excluded the defence sought to be interposed upon the trial.

The language of the 9th section of the charter of the People's bank, under which suit was brought, provides, that "whenever default shall be made in the payment of any debt or liability contracted by said corporation, the stockholders shall be held individually responsible for an amount equal to the amount of the stock held by them, respectively." The effect of this is simply to withdraw from the stockholders,

"to an amount equal to the amount of stock held by them, respectively," the protection of the corporation, and leave them liable as partners. *Fuller* v. *Ledden,* 87 Ill. 310; *McCarthy* v. *Lavasche,* 89 id. 270; *Wincock* v. *Turpin,* 96 id. 143; *Corning* v. *McCullough,* 1 Comst. 47; *Wiles et al.* v. *Suydam,* 64 N. Y. 176.

It is quite clear that to an action at law brought by a creditor of the corporation against a stockholder, under this section, the stockholder can not plead, as a set-off, an indebtedness of the corporation to himself, because such indebtedness is, in no sense, that of the party suing; and debts, to be set off at law, must be mutual, and between the same parties. *Gregg* v. *James,* Breese, (Beecher's ed.) 143; *Hinckley* v. *West,* 4 Gilm. 136; *Sawyer* v. *Hoag,* 17 Wall. 610; Thompson on Liability of Stockholders, sec. 381, *et seq.*

Undoubtedly, the recovery of a judgment by a creditor of the corporation against a stockholder, for an amount equal to the amount of stock held by him, will extinguish his liability, for this is its limit; and since a person owes a duty to pay, where liability exists, as well without as with suit, we doubt not that a voluntary payment will equally extinguish his liability, in all cases where, otherwise, the creditor may sustain an action at law against him. But Harrison & Co. could maintain no action at law upon their claim without making appellant one of the parties plaintiff therein, and it is therefore impossible that such an action could have been maintained against him, since he could not be both plaintiff and defendant in the same suit at law, however nominal his interest therein, either on the one side or the other, may have been. *Dedman* v. *Williams,* 1 Scam. 154; *Bracken* v. *Kennedy,* 3 id. 559; *Chadsey* v. *Harrison,* 11 Ill. 151; Dicey on Parties, 176, *156; *Bailey* v. *Bancker,* 3 Hill, (N. Y.) 188; *Richardson* v. *Abendroth,* 43 Barb. 165; *Thayer* v. *Union Tool Co.* 4 Gray, 80. The debt of the corporation to Harrison & Co., therefore, was one which, at law, appellee could not

have been compelled to pay, and which he was not required to pay.

Whether the mere fact, *per se*, that a stockholder is a creditor of a corporation to an amount equal to the amount of stock held by him, at law extinguishes his liability to creditors of the corporation, it is unnecessary to now decide. No such case is before us. The indebtedness of the corporation to the firm of Harrison & Co. was not an indebtedness to appellant, individually. Not only did this not extinguish any individual liability of his, even if he had owed such to the corporation, but he had no authority to apply partnership effects to the extinguishment of his individual debts, without the express consent of his co-partners. *Casey* v. *Carver*, 42 Ill. 225; *McNair* v. *Platt*, 46 id. 211; *Rainey* v. *Nance*, 54 id. 29.

All that there can be any reasonable ground for claiming that appellant acquired by the arrangement disclosed by the stipulation, is an equitable right against his co-stockholders for contribution, recognizable and enforcible in equity only. He thereby acquired no right which a court of law is competent to enforce or protect, and, consequently, which it will notice.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*