Martin v. Stubbings.

CORNELIA MARTIN

v.

WILSON H. STUBBINGS.

1. JUDGMENT BY CONFESSION.—Where the motion to vacate a judgment by confession is made in apt time, if the affidavit read in support of the motion discloses a meritorious defense, it is the duty of the court, in the exercise of its equitable jurisdiction over its judgments by confession, to either vacate the judgment or stay all proceedings therein, and give the defendant an opportunity to present such defense.

2. PARTNERSHIP—LIABILITY OF PARTNERS TO EACH OTHER.—Prior to the settlement of the partnership accounts, the liability of one partner to another, if it can be said to exist at all, is a mere contingency. The right of a partner as against his copartner is simply a right to an accounting after a dissolution.

3. SAME—NOT LEGAL CONSIDERATION FOR PROMISE.—Such liability would not serve as the legal consideration of an express promise from one partner to another.

4. NUDUM PACTUM.—An express promise to pay a sum of money which the promisor, at the time of making the promise, is under no legal, equitable or moral obligation to pay, is a mere *nudum pactum*, and the giving of a promissory note, as between the original parties thereto, can have no greater force or effect than an express promise would have, if made in any other form.

5. PARTNERSHIP—JUDGMENT NOTE GIVEN BY PARTNER—JURISDICTION. —Before a partnership was dissolved, a judgment note was given by A, signed by himself and wife, to B, his partner, which note was in excess of the true balance in favor of such partner. A died ; B obtained judgment by confession against A's wife, who had no interest in the business, but had simply signed the note at A's request. *Held*, that, even if the note could be sustained as being given upon an adequate consideration, upon the facts stated in the affidavit of A's wife, on motion to vacate such judgment, showing that the note was given upon the agreement that if upon a final and satisfactory accounting the amount due B was found to be less than the amount of the note it should be subject to such difference, and that the accounting was still pending, B's remedy is in equity and not at law.

6. SURETY—CONSIDERATION.—The contract of a surety must be based upon a sufficient consideration. While a consideration running to the principal alone, cotemporaneous with or subsequent to the promise of the surety, is sufficient, the rule is different where the only consideration running to the principal is one which is already fully executed.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed December 8, 1886.

In this case William H. Stubbings obtained judgment by confession against Cornelia Martin, in the Superior Court of Cook county, for $3,630.83, and costs, and afterward, at the same term of court, the defendant appeared and entered her motion to vacate said judgment, and to be permitted to interpose her defense to the action; which motion was denied, and the defendant brings the record to this court by writ of error.

Said judgment was entered upon a promissory note for

Martin v. Stubbings.

$3,411.66, executed by Neal K. Martin and Cornelia Martin, dated January 1, 1886, payable to the order of the plaintiff one day after date, with interest at the rate of seven per cent. per annum, and a warrant of attorney in the usual form, authorizing the entry of judgment by confession for the amount due on said note, together with attorney's fees and costs. The only evidence heard upon the motion consisted of the affidavit of the defendant, which, after describing the note and warrant of attorney, states, in substance, that said Neal K. Martin was the defendant's husband, and is now dead; that said promissory note, so far as the defendant is concerned, was without consideration; that at the time of signing said note she was not indebted to the plaintiff in any sum whatever, and did not then or at any time, prior or subsequent, receive any money or valuable thing as a consideration therefor, but that she merely signed it at the request of her husband, and that her signing it worked no injury or delay to the plaintiff; that said note was executed by the plaintiff's husband to meet a supposed balance due from him to the plaintiff upon their partnership account, they being partners in business, but that the defendant had no interest in said business; that said balance was not fully determined between said partners, and that there was an agreement entered into between the plaintiff and said Neal K. Martin, at the time said note was signed, that if, upon a final and satisfactory accounting, the amount due was found to be other than the said sum of $3.411.66, as stated in said note, the said note should be subject to said difference and should be made to conform thereto; that there is still an accounting due between the plaintiff and the estate of said Neal K. Martin, deceased; that said Neal K. Martin and the plaintiff were partners at the time of the signing of said note, and up to the time of the decease of said Martin, under the firm name of W. H. Stubbings & Co., and that the estate of said Martin, deceased, has not been probated, and there is now an accounting being made by an expert accountant, between said parties, and that the defendant verily believes that there will be a balance shown in favor of said Neal K. Martin, deceased, which will materially lessen the amount of said note;

that said note was not signed and executed on the 1st day of January, 1886, but was signed on the 16th day of April, 1886, and that the defendant was deceived in the matter of the contents and nature of said note, in that she was not aware that it was a judgment note; that she was led to believe that said note had embodied in it the conditions upon which it was agreed that the final and exact amount due the plaintiff should be determined, and that it was a conditional and not an absolute promise to pay an exact amount, but that she did not read the note, and only signed it in obedience to her husband's request; that the plaintiff, nevertheless, on the 16th day of September, 1886, pending said accounting, caused said judgment to be entered against the defendant by confession, and that the defendant verily believes that she has a full and complete defense in law and equity to said action, and prays that said judgment be vacated and she be allowed to plead.

Mr. R. S. ILES and Mr. MILLARD R. POWERS, for plaintiff in error; as to the equitable jurisdiction exercised by courts of law over judgments entered by confession, cited Lake v. Cook, 15 Ill. 353; Flemming v. Jencks, 22 Ill. 478; Hall v. Jones, 32 Ill. 40; Norton v. Allen, 69 Ill. 307; Wyman v. Yeomans, 84 Ill. 403; Condon v. Besse, 86 Ill. 159; Heeney v. Alcock, 9 Bradwell, 433.

There was no consideration as to plaintiff in error, growing out of the indebtedness of her husband to defendant in error, and therefore she should have been allowed to file her plea: Williams v. Nichols, 10 Gray, 83; Daniel on Negotiable Instruments, (2d Ed.) § 185; Carson v. Clark, 1 Scam. 113; Hutson v. Overturf, 1 Scam. 170; Blankenship v. Cutrell, 16 Ill. 62; Hodgen v. Kief, 63 Ill. 146.

Messrs. FOLLANSBEE & O'CONNOR, for defendant in error; that the indebtedness of the principal debtor on said note to defendant in error formed a sufficient consideration to support the making of said note by plaintiff in error, cited Schepp v. Carpenter, 51 N. Y. 602; Varnum v. Bellamy, 4 McLean, 87; Niles v. Porter, 6 Black (Ind.), 44; Parkhurst v. Vail, 73

Martin v. Stubbings.

Ill. 343; Rich v. Hathaway, 18 Ill. 543; Klein v. Currier, 14 Ill. 237.

Where it clearly appears that there is a good defense to the suit upon its merits, the judgment by confession should be set aside and the cause be tried upon its merits; but where the case is involved in doubt, the judgment should be allowed to stand as security only, until the cause can be tried upon its merits upon an issue formed : Lake v. Cook, 15 Ill. 353 ; Hall v. Jones, 32 Ill. 38; Pitts v. Magie, 24 Ill. 610; Condon v. Besse, 86 Ill. 159 ; Walker v. Ensign, 1 Bradwell, 113.

BAILEY, J.    The motion to vacate the judgment in this case having been made in apt time, the only question to be considered is, whether the affidavit read in support of the motion disclosed a meritorious defense to the note or any material part of it.    If such defense was shown, it was the duty of the court, in the exercise of its equitable jurisdiction over its judgments by confession, to either vacate the judgment, or stay all proceedings thereon, and give the defendant an opportunity to present such defense.    Lake v. Cook, 15 Ill. 353 ; Wyman v. Yeomans, 84 Id. 403 ; Condon v. Besse, 86 Id. 159 ; Walker v. Ensign, 1 Bradwell, 113; Herney v. Alcock, 9 Id. 431.

The defendant's affidavit being uncontradicted, must, so far as it discloses material facts, be taken as true, and giving the affidavit that effect it must, for our present purposes, be regarded as established, that, at the time the note in question was executed, there was a partnership subsisting between the plaintiff and the defendant's husband ; that such partnership had not then been dissolved, but continued after the execution of the note, and was dissolved only by the subsequent death of one of the partners ; that no accounting took place and no balance was struck between the parties during the lifetime of the defendant's husband, and that no accounting has taken place since, by which the true state of the accounts between the partners has been ascertained ; that the consideration of said note was an estimated balance, which was not arrived at by any accounting, and was not regarded or treated by the

parties as the true one, but was subject to correction whenever an accounting should be had and a balance ascertained; that there was an oral agreement between the parties that when the accounting should be had and the balance arrived at the note should be subject to correction accordingly, and that a true and satisfactory accounting will show that the note was given for a sum materially larger than the true balance due to the plaintiff from his copartner. It must also be taken as established, that the defendant signed the note as surety merely, and upon no other consideration than that upon which her principal executed the instrument, and that the note was signed and delivered several months after its date, and long after the day of maturity fixed by the note had elapsed.

The propositions raised upon these facts are: 1. That as between the plaintiff and Neal K. Martin there was no such subsisting indebtedness, either of a legal or equitable character, as would furnish a legal consideration for the note, and that not being binding on the principal, it was for the same reason not binding on the defendant, his surety. 2. That the liability of both principal and surety, at the utmost, could be only for the amount of the balance which may hereafter be found to be due to the plaintiff from the estate of Neal K. Martin, deceased; that the ascertainment of the amount of such liability necessarily involves an investigation of the partnership accounts, and that for that reason the note can not be made the basis of a suit at law. 3. That whatever may have been the consideration of the note, as between the plaintiff and Neal K. Martin, such consideration was fully executed, it being for a past indebtedness, and that the note was dated back so that it could not have operated as an extension or forbearance of such indebtedness, and there was therefore no consideration as between the plaintiff and the surety.

Was there a consideration as between the plaintiff and Neal K Martin? The rule is too well settled to admit of discussion that a partner can not sue his copartner at law in respect to any matter involving the partnership accounts, until there has been a final settlement of the partnership affairs and a balance struck between them. Different rules have been adopted

Martin v. Stubbings.

in different States, as to whether there must be an express promise to pay the balance, yet all concur that it is only when a final balance has been adjusted that an action at law can be maintained. Among the numerous decisions upon this question in the several States, reference may be had to the following: Dowling v. Clarke, 13 R. I. 134; Mickle v. Peet, 43 Conn. 65; Ross v. Cornell, 45 Cal. 133; Crater v. Binginger, 45 N. Y. 545; Scott v. Caruth, 50 Mo. 120; Stanton v. Buckner, 24 La. An. 391; Spear v. Newell, 13 Vt. 288; Gomersall v. Gomersall, 14 Allen, 60; Bael v. Cole, 54 Barb. 353; Leidy v. Messinger, 71 Penn. St. 177; McSherry v. Brooks, 46 Md. 103; Lang v. Oppenheim, 96 Ind. 47; Wicks v. Lippman, 13 Nev. 499; Lower v. Denton, 9 Wis. 268; Miller v. Andres, 13 Ga. 366; Anderson v. Robertson, 32 Miss. 241. Gulick v. Gulick, 14 N. J. L. 578; Gleason v. White, 34 Cal. 258; Ridgway v. Grant, 17 Ill. 117; Burns v. Nottingham, 60 Id. 531; Hanks v. Baber, 53 Id. 292; Smith v. Riddell, 87 Id. 165; Chadsey v. Harrison, 11 Id. 151; Johnson v. Wilson, 54 Id. 419; Frink v. Ryan, 3 Scam. 322; Davenport v. Gear, 2 Id. 495.

Prior to the settlement of the partnership accounts and a fortiori prior to the dissolution of the copartnership, the liability of one partner to another, if it can be said to exist at all, is a mere contingency. The right of a partner as against his copartner is simply a right to an accounting after a dissolution. In Wisconsin it has been held so frequently as to be said to be " perfectly well settled," that one partner has no claim against his copartner individually, on account of the partnership transactions, although a final settlement of the affairs of the firm would show a balance in his favor. Tolford v. Tolford, 44 Wis. 547. This seems to be upon the principle that until dissolution and final settlement, the indebtedness, if any exists, is between the firm and its several members, and not between the copartners themselves. Thus, if one partner has failed to contribute his share of the capital, or has drawn out more than his share of the profits, he becomes a debtor to the firm, and not to the members of the firm individually. If he has contributed more than his share, or has forborne to

take his share of the profits, he is a creditor of the firm, and not of his copartners. Sprout v. Crowley, 30 Wis. 187. As said in Ives v. Miller, 19 Barb. 196, "Until the affairs of the concern are wound up, what one partner may owe the firm is not a debt due a copartner, nor is the indebtedness of the firm to one of the members a debt due from the other members to him." So, in Gleason v. White, 34 Cal. 258, the court, discussing the relations between a surviving partner and the estate of a deceased partner before a balance is struck, say: "Until it is struck, the surviving partner can not be said to be either the debtor or creditor of the estate of the deceased partner on account of the partnership dealings; though the surviving partner or the estate of the deceased partner may be either a debtor or creditor of the partnership while it is being wound up, as they may have been before dissolution." In Richardson v. The Bank of England, 4 Mylne & Craig, 165, Lord Chancellor Cottenham discusses the use of the words "debtor" and "creditor" in this relation as follows: "But though these terms 'creditor' and 'debtor' are so used, and sufficiently explain what is meant by the use of them, nothing can be more inconsistent with the known law of partnership than to consider the situation of either party as in any degree resembling the situation of those whose appellation has been so borrowed. The supposed creditor has no means of compelling payment of his debt; and the supposed debtor is liable to no proceedings, either at law or in equity, assuming always that no separate security has been taken or given. The supposed creditor's debt is due from the firm of which he is a partner, and the supposed debtor owes the money to himself in common with his partners; and, pending the partnership, equity will not interfere to set right the balance between the partners. Indeed, it could not do so with effect, inasmuch as immediately after a decree has enforced payment of the money supposed to be due, the party paying might, in exercise of his power of a partner, re-possess himself of the same sum."

Applying the foregoing principles to the case before us, it seems very clear that at the date of the execution of the note in question there was no indebtedness or liability from Neal

Martin v. Stubbings.

K. Martin to the plaintiff which would serve as the legal consideration of an express promise from the former to the latter. Martin was not indebted to the plaintiff, nor was he under any liability to him of either a legal or equitable nature. An express promise to pay a sum of money, which the promisor, at the time of making the promise, is under no legal, equitable or moral obligation to pay, is a mere *nudum pactum*, and the giving of a promissory note, as between the original parties thereto, can have no greater force or effect than an express promise would have if made in any other form.

In Chadsey v. Harrison, 11 Ill. 151, it was held that without a general adjustment of the partnership concerns there is no consideration to uphold an express promise of one partner to pay his copartner a balance alleged to be due. In Buel v. Cole, 54 Barb. 353, a firm, consisting of four members, dissolved by transferring all its assets to two of its members, they agreeing to take the same and pay the debts of the firm, provided said assets should be sufficient for the purpose. No accounting or settlement of the partnership matters was ever had between the partners. As to a certain debt of the firm which remained unpaid, it was subsequently agreed that each partner should pay one fourth. The defendant, one of the retiring partners, failing to pay his part, it was paid by the others, and he gave them his notes for the amounts so paid. It was held that said notes, not being given upon any settlement among the partners or upon any adjustment of their accounts, as between themselves, were not legal liabilities as between the partners, and could not be enforced at law.

Swell v. Cooper, 21 La. An. 582, was a suit to recover the amount of a promissory note given by a partner to his copartner as a part or proximate settlement, there never having been a final adjustment of the partnership affairs; and it was held that the plaintiff could not recover, the court applying the principle that partners have no cause of action for a specific sum as against each other, resulting from the partnership transactions, until a final settlement of the partnership.

A somewhat different rule has prevailed in Massachusetts,

where, in the absence of a chancery jurisdiction, the law courts have gone further than the courts of common law jurisdiction in the other States have done. Accordingly, the case of Rockwell v. Wilder, 4 Metc. 556, has been referred to as being apparently in conflict with the authorities above cited. In that case a failing partner, wishing to dissolve the partnership, and in so doing to prefer his copartner, gave him his note for a sum *less* than was known to be his due on final settlement, although the exact amount of the balance could not then be ascertained. The payee of the note attached certain property of the maker, and in a subsequent contest between him and other attaching creditors the note was held to be valid, the court laying down the rule, " that where one partner has received more than his share of the partnership property, and the partners are closing their concern, and it is ascertained that a balance will certainly be due to one of them on a final settlement, although a true balance can not, at the time, be ascertained, then, if such debtor partner gives his note to the creditor partner for a sum *within the balance*, which it is acknowledged will be due to him on the final settlement, such note is given upon a good consideration, and is equivalent to a promise to pay the given sum mentioned ; and the payment of such note may be enforced at law, though the balance is not struck between them." But, even within the rule thus announced, the note in the present case can not be sustained, for it appears that the partnership here was not dissolved and that the note was given for a sum in excess of the true balance in favor of the plaintiff.

But even if the note could be sustained as being given upon an adequate consideration, we think upon the facts stated in the defendant's affidavit, that the plaintiff's remedy is in equity, and not at law. In no event can he recover more than the actual balance in his favor on a final settlement of the partnership affairs, and a court of law is not the proper tribunal to investigate the partnership accounts, and strike a balance between the partners.

In Burns v. Nottingham, 60 Ill. 531, it is held that a balance between partners capable of being recovered in an

Martin v. Stubbings.

action at law, must be a final settlement of all the partnership accounts, and that balances only struck preparatory to a final settlement are not sufficient to form the subject-matter of such action, the remedy being only in equity.    Davenport. v. Gear, 2 Scam. 495.    In Frink v. Ryan, 3 Scam. 322, it was held that where there has been a dissolution, and a final settlement, and a note given for the balance ascertained to be due, with a stipulation in the body of the note that the errors and omissions in the settlement might be deducted as payments on the note, a court of law, in an action on the note, has jurisdiction to allow such errors or omissions as a defense.    But the court intimate the opinion that where the parties settle without such stipulation, they would have to resort to a court of equity to have the proper correction made.    In Hanks v. Baber, 53 Ill. 292, it was held, that when partners upon a settlement of their partnership affairs, ascertain and agree upon a balance, but by mistake, fail to state the account correctly, assumpsit will not lie, the remedy being by bill in chancery for a settlement of the partnership accounts.

While the plaintiff's note undoubtedly gives him, *prima facie*, a right to maintain an action at law, such right is defeated by the facts disclosed by the affidavit of the defendant. His recovery can no longer be for the amount of the note or upon the note, but he is remitted to a court of equity for the purpose of having an accounting, and the correct balance ascertained.

We are of the opinion that the oral agreement set up in the affidavit that the note should be corrected in accordance with the true balance, when the same should be ascertained, is not an agreement of which either party can take advantage, at least in a court of law, for the reason that it would tend to change the terms of a written contract by parol evidence.    In a court of equity, however, such contract is not material to the rights of the parties, as such court would in no event award the plaintiff anything beyond the actual balance found to be due him.

As to the remaining proposition above stated, we are inclined to the opinion that, independent of the foregoing con-

clusions based upon the law of partnership, the affidavit shows that there was no consideration for the execution of the note by the defendant. It can not be doubted that the contract of a surety must be based upon a sufficient consideration. Undoubtedly, a consideration running to the principal alone, cotemporaneous with or subsequent to the promise of the surety is sufficient, but the rule is different where the only consideration running to the principal is one which is already fully executed. See Brandt on Suretyship, §§ 6–10. Here the note was given for an alleged indebtedness already in existence, and it was given upon no contract to extend the time of payment, nor did it have the effect to postpone the indebtedness. The note was given April 16th, but being dated back to January 1st, and made payable one day after date, it was due the instant it was given, and was in no sense a forbearance of the debt by the creditor. The execution of it was no benefit to the debtor or his surety, and no detriment to the creditor. All the elements of a legal consideration seem to have been wanting.

As the affidavit disclosed meritorious defenses to the note, the defendant's motion should have been granted. The judgment of the court below overruling said motion will therefore be reversed, and the cause remanded with instruction to vacate the judgment by confession with leave to the defendant to plead, and for further proceedings.

Judgment reversed.