## Duffey v. Loughney et al., Executors.

*G. F. Douglas*, for plaintiff; *V. A. Carroll*, for defendants.

ALESSANDRONI, J., May 28, 1930.—The question raised by this rule to strike off is, whether in an action by a surviving partner to recover partnership property in the hands of the personal representatives of the deceased partner the latter may file a counter-claim or set-off for wages alleged to be due the deceased partner for services rendered to the partnership and for a share of the proceeds of notes alleged to be in the hands of the surviving partner for collection.

It appears to be clearly established that the surviving partner, the plaintiff in this case, may maintain an action at law against the personal representatives of the deceased partner to recover partnership property or money in the possession of the said representatives: 47 Corpus Juris, 1098. The duty of settling the partnership affairs devolving upon the surviving partner and title to partnership property being in him, he is entitled to it in order to settle and wind up the partnership affairs. The plaintiff's action is, therefore, properly brought. It were otherwise if his action in *assumpsit* was against a living partner. The defendants' counter-claim is in effect an action against

a living partner to collect an individual claim and a share of the partnership assets. This may only be done in an equity proceeding for an accounting and distribution: 47 Corpus Juris, 1099, 1100.

In Ferguson *v.* Wright, 61 Pa. 258, it was said "that to support *assumpsit* there must be a settlement and balance found due to the partner who sues for it." There is no allegation that that has been done in this case.

In the Appeal of Ainey, 2 Pennypacker, 192, the court stated: "The principle is universally recognized that one partner cannot, on a claim before partnership settlement, maintain an action at law for the debt against another for anything received on partnership account, or for anything relating to partnership transactions while the partnership affairs remain unadjusted, on the ground that it would be impossible to determine whether anything be due the plaintiff until an account of the partnership matters is taken: Ozeas *v.* Johnson, 4 Dallas, 434; Patton's Admin'rs *v.* Ash, 7 S. & R. 116," etc. . . . "Balances struck preparatory to a settlement are not sufficient. They must be final or the remedy is in equity: Burns *v.* Nottingham, 60 Ill. 531."

The defendants' remedy is by a suit for an accounting, which will thoroughly adjudicate all the rights of the respective parties. To permit an action such as the defendants seek to set up in their counter-claim would result in a multiplicity of suits.

We are, therefore, of the opinion that the counter-claim should be stricken off without prejudice to the rights of the defendants to proceed in the proper manner for the establishment of their claims against the partnership.

And now, to wit, May 28, 1930, the rule to strike off is made absolute.